## HODGKINS v. THE STATE.

1. Although witnesses may state they do not know that they are acquainted with the general character of the prosecutor, yet, if they state they have been acquainted with him for a long time, or for a given number of years, and that they have never heard any one speak ill of him, these facts show substantially that they did know his general character sufficiently to qualify them to swear that they would believe him on oath in a court of justice.

2. Counsel, in reply to a criticism by opposing counsel, has no right to state facts by way of explanation of his own conduct disclosed by the evidence, such explanatory facts not being any part of the evidence, but resting alone upon the bare statement which he proposes to make.

3. The court in charging the jury is not bound, at the request of counsel, to direct their attention specially to a particular fact, amongst a great number of facts of which the evidence consists.

4. Whether opprobrious words will justify a battery, is a question of fact for the jury, and not one of law to be determined by the court, the jury in each case being authorized to treat such words as a justification, or not, according to the nature and extent of the battery, and their own opinion of the provocation. Hence, it is not error for the court to decline to charge that "opprobrious words is a justification for the commission of an assault and battery, provided the battery does not go too far."

5. Where the judge states in his charge to the jury. that only one justification, specifying it, is set up by the defendant, this will be taken as true in the Supreme Court unless the contrary affirmatively appears by something which the judge certifies to. For counsel to state argumentatively in the motion for a new trial, or in the bill of exceptions, that it was not true, will amount to no contradiction of the statement in the charge. *Chattahoochee Brick Co.* v. *Sullivan*, 86 *Ga.* 50; *Brantly* v. *Huff*, 62 *Ga.* 532. What is sought to be verified by the judge's certificate should be stated by way of narrative, and not of argument.

6. There was no substantial error in the charge of the court touching the impeachment of witnesses and sustaining them when attacked, nor touching the right of the jury to believe the evidence, nor touching the justification of an assault and battery by opprobrious words, nor touching the subject of reasonable doubt.

7. The evidence warranted the verdict; the penalty was not excessive, and there was no error in denying a new trial.

August 1, 1892.                              *Judgment affirmed.*

Criminal law.    Assault and battery.    Evidence.
Witness.    Practice.    Charge of court.    Sentence.    Be-
fore Judge Ross.    City court of Macon.    September
term, 1891.

Conviction of assault and battery; new trial denied.
The special grounds are as follows:

1. The testimony showed that the defendant is a
white man and that the prosecutor, Hester, the person
alleged to have been assaulted and beaten, is a negro.
There was some effort to impeach the prosecutor as a
witness; and in rebuttal the State introduced Morgan,
Burr and Powers, each of whom testified that they had
known Hester for several years.    Morgan was asked,
"Do you know his general character for truth and ve-
racity?" and in reply he asked, "What do you mean by
general character?"    This was repeated three times, and
then the court explained to the witness what was meant,
and the witness replied, "So far as I know, his char-
acter is good; I have never heard anybody speak ill of
him; I would believe him on his oath."    Burr made
the same answer, the court at his request having ex-
plained the meaning of general character.    Powers
stated: "He worked for me a long time; don't know
that I know his general character; have never heard
any one speak ill of him, and would believe him on
oath."    To this testimony the defendant objected, on
the ground that the witnesses had not testified that they
had any knowledge of Hester's general character, nor
that they had any knowledge at all of his character.
The objection was overruled.

2. The main witness for the defendant was one Kahn,
who testified, on cross-examination, that he made an
affidavit in this case for the defendant's counsel some
months ago when the warrant was first sworn out; made
it because the counsel asked him for it, saying that he
might need it sometime when witness was absent.    During

his concluding argument the solicitor-general was discussing Kahn's testimony, and said, "Was it, gentlemen of the jury, for the purpose of manacling this witness that counsel took the affidavit?" The defendant's counsel objected, stating that such argument was unauthorized by the evidence, and asked to be allowed to explain to the court and jury why he had taken the affidavit referred to. The court stated that the defendant's counsel might interrupt the solicitor and correct him whenever the solicitor misstated counsel's positions as to the law and the case, or quoted the evidence contrary to counsel's recollection of it; but refused to allow the counsel to make any statement as to reasons for taking the affidavit. The court also said to the jury, "Defendant is represented by able and distinguished counsel, and doubtless, gentlemen of the jury, he knew what he was doing." The defendant says that this was error, because the argument of the solicitor was unauthorized by the evidence, and tended to prejudice the jury against the defendant and his counsel, and to discredit Kahn, who had not been impeached; and because the counsel had the right to explain why he had taken the affidavit, in order to remove from the minds of the jury any prejudice which had been lodged there by the unauthorized statement of the solicitor.

3. Refusal to charge: "The jury may consider the fact that Hester pushed Hodgkins when he got on the car, if it is a fact, in determining the guilt or innocence of the defendant."

4. Refusals to charge: "I charge you that opprobrious words is a justification for the commission of an assault and battery, provided the battery does not go too far; and it is for you to determine whether or not the battery went too far out of proportion to be justified by the use of opprobrious words, if any were used. In determining this question you are authorized to take

into consideration the size and the strength of the party assaulting and the party assaulted, You may consider their relative size and strength, as I said, and you may take into consideration all the other surrounding circumstances. You may consider their social standings, and their positions in life, in determining whether or not Hodgkins would be justified in striking Hester for the use of the words he claims Hester used to him.

"I charge you that words may become opprobrious by the manner and circumstances under which they are used, that is, words which in their ordinary signification are not opprobrious, and would not ordinarily justify an assault and battery, may by the connection in which they are used, or by the manner in which they are used, or by the intent with which they are used, or by the circumstances under which they are used, become opprobrious words, and would justify an assault and battery, provided the battery did not go too far; all of which is for you to determine.

"If you believe from the evidence that Hester used opprobrious words to Hodgkins upon the occasion when he is alleged in the indictment to have been assaulted and beaten, then I charge you that Hodgkins was justified in striking Hester, provided the battery did not go too far, and was not excessive and out of proportion, which is for you to determine.

"Hodgkins claims that he hit Hester with his fist on account of opprobrious words used to him, and that he happened to have his umbrella grasped in his fist when the blow was struck, and that there was no intention to hit Hester with his umbrella. If you find this to be true, then I charge you that you would be authorized, in determining the nature and extent of the battery, to take into consideration the fact that there was no intention upon the part of Hodgkins to use his umbrella in the battery—in inflicting the blow."

5. The court charged: "If there has been no such · opprobrious words or abusive language used, and there was a battery, it would be your duty to bring in a verdict of guilty, because that is the only defence in the case, the only justification which the defendant sets up." Assigned as error, because this was not the only defence set up, but defendant claimed also that Hester had first committed an unlawful assault and battery on the defendant when he, Hester, shoved and pushed him at the time of getting on the car.

6. Charges excepted to: " One of the ways to impeach a witness is by proof of contradictory statements. It is the duty of the jury to say whether any such have been made or not; it is for you to decide whether or not any such impeachment has been successfully accomplished. On the other hand, it is the privilege of the witness or the party to rebut any such impeachment by proof of good character, general good character for truth and veracity; and therefore you are to take into consideration all the testimony in the case which has any tendency or is intended at all to accomplish the impeachment of the witness; and taking into consideration the testimony about conflicting statements, decide whether or not there has been any such conflicting statements, and then taking the testimony, take into consideration to what extent the impeachment goes; then consider the testimony, if any has been offered, going to show the good character of any witness, and decide for yourselves how far such proof of good character reinstates, so to speak, the testimony of the witness, and from a consideration of all these things, the proof tending to impeach and the circumstances, you must determine to what extent and how successfully any witness or witnesses may have been impeached, and after you have so determined, it is still your province to believe or disbelieve the witness's testimony, or to what extent you

will believe it or disbelieve it. All the testimony, in other words, is submitted to you in order to enable you as candid, intelligent and conscientious jurors, to arrive at what is the truth in the case." The specifications of error are, that the jury were thus authorized to consider the sustaining evidence of general good character, not only with regard to the impeachment of Hester by proof of contradictory statements, but also as to his impeachment by disproving facts testified to by him; that the instruction is vague, misleading, confusing, and not a full and fair presentation of the law; and that it authorizes the jury to believe or disbelieve the testimony of the impeached witness without regard to the impeachment.

" The striking of one person by another with his fists unlawfully and without justification, is an assault and battery under the law. I cannot conceive of how it could be put to you more clearly than that one illustration; so that when you go to your room, the first thing you must decide under the testimony is, whether or not it has been proven to you that the party named in the indictment has been struck, as charged, by that party, by the defendant in this case. If under the testimony you decide that there has been no such battery, as a matter of course you would bring in a verdict of not guilty. If you decide there has been such a battery, the next question that you decide is whether it was an unlawful battery. It was an unlawful battery unless it is justified in some one of the ways laid down in the law." Error, because it withdrew from the jury any assault and battery save such as was charged by Hester, and prohibited them from considering whether or not the blow had been struck, as the defendant claimed, with his fist in which the umbrella happened to be clasped, instead of being an intentional stab with the ferrule of the umbrella, as claimed by Hester.

" I think you cannot fail to understand your duties in the case; I think you cannot fail how to understand that you are to decide what are opprobrious words, and then you decide how grossly insulting or how opprobrious the words were, and whether or not those words were a justification under the law for the battery, taking into consideration the nature and extent of the battery, because the law won't allow a battery to be justified on account of opprobrious words and abusive language, if the battery itself was disproportionate or out of proportion to the insulting nature of the opprobrious words." Error, because it was calculated to mislead the jury, and because it instructed them, in effect, that the words must be grossly insulting in order to justify an assault and battery.

"Another safeguard thrown around the defendant is, that the truth must satisfy you of his guilt beyond a reasonable doubt. If, after a consideration of all the testimony in the case, you should have a reasonable doubt in your mind as to the guilt or innocence of the defendant, it would be your duty to give the defendant the benefit of that doubt and acquit him; if after an investigation of the testimony you do not have in your mind any such reasonable doubt, it would be equally your duty to convict him. That doubt must be one that arises in the mind of conscientious jurors seeking after the truth, and must arise from the consideration of the testimony in the case, or from an absence of the testimony; it must not be a fanciful doubt, not one that may be conjured up by an overweening desire to acquit; and on the other hand, it must not be excluded from the mind by an overweening desire to convict. It must be a doubt of reasonable men, of a reasonable juror when he is impartially considering the testimony in the case in an honest effort to arrive at the truth." Error, because it withdrew from the jury the defendant's statement as going to raise a reasonable doubt.

7. The motion contained the grounds that the verdict was contrary to law and evidence. The defendant excepted also to the sentence imposed, which was, four months imprisonment in the common jail which might be relieved by the payment of a fine of $200 and costs.

HARRIS & HARRIS, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, *contra.*