## 2723.  FRUIT DISPATCH CO. *v.* ROUGHTON-HALLI-
## BURTON CO.

1. Where one elects to stand upon a contract made by an agent in his be-half, he must be held to have adopted the contract as made, and not to claim the benefit of a contract which should have been made if the agent had not exceeded his authority or violated instructions and limi-tations.  And this is true although the opposite party to the contract had knowledge of the limitations upon the authority of the agent; for, unless the principal adopts the contract as made, there would' be no con-tract.  The fact that an agent, with the knowledge of the opposite party to a proposed contract, exceeds his authority, will. avoid the contract attempted to be made, and render the attempt to contract abortive; but it will not result in creating on behalf of the principal a different contract from that proposed by the agent.

2. (*a*) There is a wide difference between the effect of the verification of statements contained in assignments of error which are determinable by examination of the record and the verification of statements relating to incidents of the trial extraneous from the record'.  As' to the former, the record will control in cases of doubt; while every statement of fact as to any matter relating to incidents of the trial dehors the record will depend for its verification upon the approval of the trial judge.

(*b*) The trial judge having in his charge to the jury inaccurately stated the contentions of the plaintiff, and having erroneously assumed that the important fact at issue in the case on trial had been admitted by the plaintiff (when it appears from the grounds of the motion for new trial, approved' by him as true, that such admission was not made), a new trial must be granted, although the former trial was otherwise free from error.

DECIDED JANUARY 24, 1911.  REHEARING DENIED MARCH 3, 1911.

Complaint; from city court of Macon—Judge Hodges.  May 28, 1910.

*Oliver C. Hancock,* for plaintiff.

*Hardeman, Jones, Callaway & Johnston,* for defendant.

RUSSELL, J.  1. We pretermit any discussion of the assignments of error contained in the motion for new trial (which the learned trial judge overruled), except the first two grounds of the amend-ment thereto, which deal with the points ruled in the second head-note; because, but for the error pointed out by these two assign-ments of error, we would hold that the result of the trial was au-thorized by the pleadings and evidence, and would not disturb the verdict, approved by the trial judge.  As to the contention of the plaintiff in error (most strenuously insisted upon in this court, as well as in the court below) that the agent of the Fruit Dispatch Company was a special agent with limited authority, and that the fact that his authority was thus limited was known to the Rough-

ton-Halliburton Company, or that it could have been shown that the Roughton-Halliburton Company had this knowledge, we need only to say that there was no evidence, nor any effort to prove, that the contract to purchase the bananas in question was other than the one made with the manager, Sherwin, as agent of the Fruit Dispatch Company. And though Roughton, as a member of the firm of Roughton-Halliburton Company, may have had knowledge of the limitations upon Sherwin's authority as contained in the code book (though he denied this), if an unauthorized contract was entered into by Sherwin, not in writing, but orally, it was up to the Fruit Dispatch Company either to ratify or disaffirm such contract. In instituting this suit it was obliged to do the one or the other. The contract regarding the bananas was either as made by Sherwin or there was no contract at all; for Roughton-Halliburton Company had never contracted to be bound by the provisions of the cipher code, although they may have had knowledge through Roughton of its contents. The Fruit Dispatch Company might recover the value of the bananas in some other form of action against Roughton-Halliburton Company, but it could not recover the purchase price under and by virtue of the contract made by its agent, Sherwin, unless it stood upon the contract as made by him, conformably with the stipulations and conditions of that particular contract. In other words, if the contract as made by Sherwin was at variance with the contract it ordinarily made, or if, in making the contract, he exceeded his authority, the Fruit Dispatch Company must either waive his violation of his instructions and take the contract as he made it, or else find itself in the situation of having no contract at all. The fact that Sherwin was without authority to make the contract can be used to show that no contract existed, but not to establish the fact that a contract entirely different in its provisions was in fact made. A principal may ratify the unauthorized act of his agent; but, if he ratifies, he ratifies in toto. If the bananas were shipped under the terms of the contract as made by Sherwin, the plaintiff must be held to have ratified the contract as made by Sherwin, whatever may have been its terms, and certainly to have ratified this contract by suing upon it; for there was no contract, unless the negotiations between Roughton and Sherwin created one. The Fruit Dispatch Company elected to waive Sherwin's lack of authority to make the kind of contract

which he did, although it may have had it in its power (in view of Roughton's knowledge) to repudiate the contract and to sue for the market value of the bananas. It preferred to stand upon the contract with Sherwin.

The crucial question in the case, therefore, was: What was the nature of the contract made by Sherwin? The evidence upon this point was in conflict, and the jury settled in favor of the defendant the issue as to the nature of the contract, evidently preferring the defendant's version of the stipulations to the testimony in behalf of the plaintiff upon the same subject. The plaintiff stood upon the contract which Sherwin had made, and assumed the burden of proving that the contract was such as it had contended it to be, when it might have disavowed the entire contract and sued for the value of the property delivered to the defendant and accepted by it with knowledge of Sherwin's lack of authority to sell the goods otherwise than according to the plaintiff's rules for conducting its business. The defendant likewise stood upon the contract, but insisted that its stipulations were at variance with the usual rules and differed in several particulars from the terms which the plaintiff insisted were ingrafted into the contract. The contract of purchase which the jury set up was that contended for by the defendant. The fact that the defendant may have known that the plaintiff's agent had no authority to make the contract could not affect the terms of the contract as made, if it was conceded that a contract was made, though but for the plaintiff's waiver, this fact would have nullified the contract and rendered it abortive.

2. We think, however, that a new trial should be granted because the instructions, of which complaint is made in the first and second grounds of the amendment to the motion for a new trial, were prejudicial to the plaintiff and tended to obliterate and destroy the testimony offered by the plaintiff in support of its contention as to the terms of the contract. In the first excerpt from the charge upon which error is assigned, the judge instructed the jury that "the contention of the plaintiff in this case is that at the time set out in the contract or petition that the defendant purchased of the plaintiff a car-load of bananas to be delivered f. o. b. New Orleans; it being expressly agreed that the bananas should be green and fresh and in such condition that they should arrive at Macon green." After an examination of the record, we think that the insistence that

the contentions of the plaintiff were not stated in accordance with the pleadings or evidence in the case is sustained; but we should perhaps have been inclined to regard the use of the word "plaintiff" in the first line as an inadvertent lapsus linguæ, which was understood by the jury to be a mere slip of the tongue, but for the assignment of error contained in the second ground. In that ground the complaint is made that the court stated to the jury that the counsel for the. plaintiff admitted that the contract between the parties was that the bananas were to be delivered to the defendant f. o. b. in New Orleans green and fresh and in such condition as that by due course of transit over the railroad the shipment would reach Macon in a merchantable condition, whereas no such admission was made by the plaintiff's counsel.

As we have pointed out in a preceding portion of this opinion, the most important issue in the case was the nature of the contract of sale, and especially whether the contract provided that the bananas should be green when they reached Macon. The plaintiff insisted that the contract provided only that it should deliver bananas in accordance with the provisions of the cipher code, and did not admit that the plaintiff was responsible for the condition of the bananas when they reached Macon, in case they were fresh and green at the time they were delivered to the carrier f. o. b. at New Orleans. The trial judge certifies, in approving the second ground, that the plaintiff's counsel made no admission at all. The first question which arises upon this, therefore, is whether the statement of the judge to the jury that the defendant had admitted certain facts should be deemed to be conclusive that such admission was in fact made. This would undoubtedly be the case unless the trial judge by a subsequent statement admitted that he was mistaken in so stating to the jury. A statement by a trial judge that counsel has in open court made certain admissions can not be disputed, or its truth questioned by a reviewing court, unless the judge himself certifies that the statement as to the admission was not true, thus showing that his first statement as to the admission was made erroneously or by mistake. In the present case, though the learned trial judge was perfectly sincere in his impression, when he stated it to the jury, that the plaintiff had made the admission, or was of the opinion that the plaintiff's petition could be so construed, it is evident that after his attention was particularly called to the matter

he became convinced that the truth was that the plaintiff did not make the admission which he informed the jury it had made; for in approving the grounds of the motion he certifies that "there was no such admission made by the plaintiff or its counsel during the trial of the said case or at any other time, neither was there anything in the pleadings or the evidence that would authorize the court to charge the jury such admission."

Counsel for the defendant insists that this ground of the motion is not verified, and that the fact that the defendant did make the admission which the judge stated to the jury it had made is not disputed by the record. We readily grant that an assignment of error can be predicated upon a portion of a judge's charge to which his verification extends no further than that the language quoted was used by him, or that the statement ascribed to him was made, as where a charge is assigned to be error, and all else in the exception or ground of the motion for new trial is a merely argumentative statement of the movant's reasons for asserting that the instruction or statement is error. This, however, is not the case when the statement relates to a matter of fact dehors the record, which is asserted to have occurred or not to have occurred. Or the assignment of error may contain both a statement of fact and the deductions of the plaintiff in error. This is true in the present case; for, after giving the language used by the judge, as quoted above, it is stated in the ground of the motion as a fact that "there was no such admission made by the plaintiff or its counsel during the trial of the said case or at any other time." This certainly is such a statement of fact as to an occurrence during the trial as can not be considered, unless verified by the approval of the trial judge; and it is a statement of fact so directly in conflict with what the judge had stated to the jury that the whole value of the exception is dependent upon the approval of the judge; because, if as a matter of fact the defendant had admitted, either by one authorized to speak in its behalf as officer, agent, or attorney, or in its petition, that the contract was such as the judge stated it to be to the jury, then the judge would have been fully authorized to say to the jury that the admission had been made. The difference between the effect of the judge's approval as to statements of fact dehors the record and statements of fact which must depend upon the record for verification is wide and apparent. The judge, by

approving a ground of a motion for new trial dependent upon a construction of a matter of record, does not approve or verify the conclusion of the pleader. The record controls in such a case, and the approval of the judge goes no further than to certify to the contention or construction.

The latter portion of the second assignment of error in this case furnishes an example of that kind, where the movant insists that there was nothing "in the pleadings or the evidence that would authorize the court to charge the jury such admission." It is apparent that this is merely the contention of the plaintiff in error, and, while the judge might disagree with the statement, his approval merely refers the matter to the pleadings and the brief of the evidence, from which the truth thereafter is to be determined. But if error should be assigned upon the fact that the judge refused to allow the defendant in a criminal trial to be present, or refused to sequester certain witnesses, the only means of ascertaining that fact would be by the judge's approval of the statement to this effect in one of the grounds of the motion for a new trial. The statement as to matters of fact, with relation to those incidents of the trial which are not matters of record, must be made unequivocally, and such statements of fact must be verified by the presiding judge, and a consideration of them depends wholly upon his verification. For judicial purposes, the fact whether an occurrence did or did not take place, when it is an incident outside of the record, depends entirely upon the judge's statement as to such matter of fact. As to matters which necessarily must appear in the record, the inferences and deductions of the complaining party are approved only as matters of construction or deduction, and the record will settle what was the truth.

The trial judge having, in his charge to the jury, inaccurately stated the contentions of the plaintiff, and having erroneously assumed that an important fact at issue in the case on trial had been admitted by the plaintiff (when it appears from the grounds of the motion for new trial, approved by him to be true, that such admission was not made), a new trial must be granted, although the former trial was otherwise free from error. *Cooper* v. *State,* 2 *Ga. App.* 730 (59 S. E. 20); *Cooley* v. *Bergstrom,* 3 *Ga. App.* 497 (60 S. E. 220); *Bendross* v. *State,* 5 *Ga. App.* 175 (62 S. E. 728). The judge having certified not only that he delivered the charge of

which complaint is made, but also that the admission which he informed the jury had been made was not in fact made, the latter fact is sufficiently verified to be considered by this court, and, under the rulings above cited, it was, in our opinion, error so prejudicial to the losing party as to demand the grant of another trial.                                              *Judgment reversed.*

### ON PETITION FOR REHEARING.

Counsel for the defendant in error ask for a rehearing, basing the motion chiefly on the contention that this court overlooked the decision of the Supreme Court in the case of *Hodgkins* v. *State,* 89 *Ga.* 761 (5), (15 S. E. 695). We agree thoroughly with what is stated in that case, that "what is sought to be verified by the judge's certificate should be stated by way of narrative, and not of argument," and we attempted to preserve and to apply this distinction in the case at bar. In the *Hodgkins* case the matter referred to as the contention of the accused was a contention based upon a matter of record, as to what had or had not been proved in the case—a matter to be determined by reference to the brief of evidence (which, of course, is a part of the record, to be considered, not only by the trial judge on motion for a new trial, but also by the reviewing court). In this case, so far as the record is concerned, the statement in the charge of the court as to the admission made by the party is not supported, for no such admission appears in the record. If such an admission were made outside the record, the judge should not have approved the recital, in the ground of the motion for a new trial, that no such admission was in fact made. For counsel to state that his pleadings, which are before the court, do or do not amount to an admission to some effect or other is, of course, merely argumentative. But the averment that a statement dehors the record was or was not made during the trial is a matter of narrative, and not one of argument. Counsel seem to think that where a statement in an assignment of error is prefaced by the word "because," this makes it a matter of argument, and not narrative; but we do not so understand the rule. It may be either a matter of argument or of narrative, dependent upon the nature of the statement. We have already referred to an assignment which might be based upon the absence of the defendant in a criminal case, as an instance where the approval of the judge alone would be sufficient to verify the statement of this fact,

which would not appear in the record. A ground stating that "the court erred because the defendant was not allowed to be present during the .trial," if approved, would be "a statement by way of narrative" of an incident of the trial dehors the record. ·

The difference between a statement "by way of narrative" and one merely argumentative, regardless of the fact that the statement may be introduced by the word "because," or even by the words "for the reason that," can be illustrated by another example. For instance, where the assignment of error is that the verdict is illegal because "contrary to evidence," the statement is a mere matter of argument, for the reason that the evidence is, so far as the motion for new trial is concerned, a matter of record. On the other hand, a statement that the court erred because he refused to allow the movant to introduce certain evidence is a statement of fact—a narrative statement—for the reason that evidence which is excluded is not contained in the record as a part of the brief of evidence. Many other instances will readily suggest themselves to the thoughtful mind.                            *Rehearing denied.*