## 4339.   CASTLEBERRY v. THE STATE.

Where a demand for trial was made in the superior court at the term at which the indictment was found, and subsequently, during the term, the indictment was transferred to a city court for trial, the demand being made and the indictment transferred during a concurrent term of the city court, the next term of the city court, and not the concurrent term, was "the next succeeding term" after the demand, within the meaning of section 983 of the Penal Code.

DECIDED OCTOBER 22, 1912.

Accusation of larceny; from city court of Macon—Judge Hodges. July 8, 1912.

*T. J. Cochran, J. W. Defore, Napier & Maynard,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

HILL, C. J. The plaintiff in error was indicted at the April term, 1912, of Bibb superior court, and made a demand for trial, which was allowed and entered on the minutes of the court at the same term, on June 5. On June 7 the judge of the superior court transferred the indictment to the city court of Macon, which was then in session, having been in session since June 3, on which day the June term of the city court began. At that term, and after the juries of the city court had been discharged for the term, a motion was made in the city court that the accused be discharged, upon the ground that the case had not been tried in pursuance of his demand.

When a case has been transferred from the superior court to a city court, after a demand for trial has been made in the superior court, the demand follows the indictment. *Nix v. State, 5 Ga. App.* 835 (63 S. E. 926). Section 983 of the Penal Code (1910) provides that, when a demand for trial is made, a trial must be had either at the term at which the demand has been made, or at "the next succeeding term thereafter." The undisputed facts as above stated show that at the time the demand was made in the superior court the city court was in session; that the June term of the city court had begun prior to the entry of the demand, and that subsequently to the demand, and before the adjournment of the superior court and while the city court was in session, the indictment was transferred to the latter court. The exact language of § 983, supra, is that "if such person shall not be tried at the term when the demand is made, or at the next succeeding term

thereafter, and at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." The sole question in this case is: Were the April term of Bibb superior court and the June term of the city court of Macon successive, within the meaning of this code section? In other words, unless it should be held that the June term of the city court, under the facts stated, was equivalent to a succeeding term of the superior court, the judgment refusing to discharge the accused on his demand was correct.

We think it manifest, from the facts above stated, that the June term of the city court was not a succeeding term to the April term of the superior court; for, although the terms commenced at different times, when the indictment was found and the demand made and transferred both terms were running concurrently. The purpose of the law allowing a discharge on a demand is to insure the accused against any unreasonable delay, by providing that at the farthest the State should have only one more term after the current term in which to try the case. As stated by learned counsel for the State, suppose the two courts—the superior court of Bibb county and the city court of Macon—should adjourn on the same day, that their terms ended on the same day, and that the case were transferred on the last day of the term from the superior court to the city court, would it be possible to successfully contend that the failure to try the case at that term of the city court, on the very day of the transfer, would operate to discharge and acquit the defendant? We think this illustration demonstrates the fallacy of the contention that the term of the city court to which the indictment had been transferred was the next succeeding term to that in which the demand had been made. Where a demand for trial has been made in accordance with the statute, the accused is entitled to a trial within two terms,—the current term or the next succeeding term; and if another court gets jurisdiction, this rule must apply. In the present case the term of the city court at which the motion for discharge was made was not "the next succeeding term" after the demand, but was a term concurrent with that of the superior court during which the demand was made. The judgment overruling the motion for discharge was proper.

*Judgment affirmed.*