5347. CENTRAL OF GEORGIA RAILWAY COMPANY v. O'KELLEY.

POTTLE, J. 1. This was a suit for damages for personal injuries. The defendant admitted negligence, but contended that the plaintiff was not injured. In the reviewing court it is insisted that the verdict for $5,550 is excessive, and that the plaintiff in error is entitled to a new trial on account of certain newly discovered evidence. The plaintiff testified that the train was derailed while he was in the baggage-car, in which he had been invited to ride by the defendant, so as to accompany a son who was ill, and that he was struck by a trunk which was precipitated against him, and by other objects in the car. He further testified, that he suffered severely from the injury thus received, and was still suffering at the trial, which took place several months after the cause of action arose; that he had been under the treatment of a physician, and that his hip joint had been in a plaster cast ever since his injury which had grown worse from day to day, and that he was still under the treatment of a physician; that at the time of the injury he weighed 147 pounds, and was able to earn from $75 to $100 per month; that at the time of the trial he weighed 111 pounds and was not able to earn anything. There was testimony for the defendant tending to show that the plaintiff had not been injured, and that he stated to different persons, after the derailment, that he had not been injured in any way. Certain physicians corroborated the plaintiff as to the extent of his injuries. The alleged newly discovered evidence consisted of an affidavit of a witness that the plaintiff had stated to him that he received no injuries, and had indicated to him the position of trunks and other objects in the car. Attached to this affidavit was a diagram of the car, purporting to show the location of each of the several trunks, and of other objects in the car. Even conceding that the apparent preponderance of evidence was against the plaintiff and tended to show that he was either not injured at all, or not to such an ex*ent as he claimed, yet the evidence was sufficient to authorize the verdict in his favor; and, this verdict having received the approval of the trial judge, this court has no power to hold that the jury erred in finding that the plaintiff was injured as he claimed. See *Southern Railway Co.* v. *Daughdrill,* 11 *Ga. App.* 603 (75 S. E. 925); *Mayor &c. of Savannah* v. *Du Four,* 13 *Ga. App.* 61 (79 S. E. 779).

2. While the verdict was ample, it was not excessive as a matter of law. The only measure of damages is the enlightened conscience of an impartial jury, and it is only in extreme cases that a court can say a given amount found as damages for pain and suffering is excessive as a matter of law. *Southern Bell Tel. Co.* v. *Shamos,* 12 *Ga. App.* 463, 468 (77 S. E. 312, 314).

3. The ground of the motion for a new trial, based on alleged newly discovered evidence, was addressed to the sound discretion of the trial judge, and there was no abuse of discretion in the present instance in overruling the motion. See *Buchanan* v. *State,* 11 *Ga. App.* 757 (76 S. E. 73); *Duke* v. *State,* 11 *Ga. App.* 814 (76 S. E. 368); *Betts Co.* v. *Hancock,* 139 *Ga.* 198 (77 S. E. 77); *Miller* v. *State,* 139 *Ga.* 716 (78 S. E. 181). *Judgment affirmed.*

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Sandersville—Judge Jordan. October 14, 1913.

*Lawton & Cunningham, F. H. Saffold, J. J. Harris,* for plaintiff in error.

*O. A. Nix, Hall & Roberts, Hardwick & Wright,* contra.