5800.    CENTRAL OF GEORGIA RAILWAY CO. *v.* O'KELLEY.

WADE, J. 1. The motion to dismiss on the ground that this court "is without jurisdiction, because none of the evidence before the court below is in the record now before the court," is overruled. Certain affidavits relating to a ground of the extraordinary motion for a new trial are specifically referred to therein as being attached to the motion as exhibits, and are actually so attached, and were filed with the motion as a part thereof, and are therefore a part of the record in this case, and, being transmitted under the certificates of the clerk of the court below, can be considered by this court in the determination thereof.

(a) Other affidavits, relating to a ground of the extraordinary motion for a new trial, which are not set forth in the bill of exceptions or attached thereto as exhibits, but are merely specified therein as material to a clear understanding of the errors complained of, and which are not referred to in the motion or attached to it as exhibits or filed with it as a part thereof, but are separately filed, can not be considered by this court as a part of the record, even though used at the hearing of the motion and notwithstanding each affidavit was actually filed in office. *Glover* v. *State,* 128 *Ga.* 1 (57 S. E. 101).

2. A motion for a new trial was regularly made and was overruled, and the judgment of the lower court was by this court affirmed. *Central Ry. Co.* v. *O'Kelley,* 14 *Ga. App.* 273 (80 S. E. 688). Thereafter an extraordinary motion for a new trial, based on alleged newly discovered

evidence, was presented to· the trial judge. *Held*, that the trial 'court had jurisdiction to entertain the extraordinary motion.

(*a*) This court declines to certify to the Supreme Court the question here made, for review of the cases of *Patterson* v. *Collier*, 77 *Ga.* 295 (3 S. E. 119), *Hays* v. *Westbrook*, 96 *Ga.* 219 (22 S. E. 893), *Norman* v. *Goode*, 121 *Ga.* 449 (49 S. E. 268), and *Mallary* v. *Moon*, 125 *Ga.* 428 (53 S. E. 960), in each of which jurisdiction of a second motion for a new trial was entertained. There appears to be no conflict in any of the decisions of the Supreme Court on this question, and section 6092 of the Civil Code authorizes this proceeding. For the same reason, this court declines to review and set aside the ruling in the case of *Seaboard Air-Line Railway* v. *Reid*, 6 *Ga. App.* 18 (63 S. E. 1130).

3. It appears, from the express recitals in the order of the trial judge overruling the motion for a new trial, that he did not exercise his discretion in passing upon the motion; and for this reason the judgment is reversed, and the case is sent back, with direction that the trial judge pass upon the motion, in the exercise of the discretion with which he is charged by law. *McIntyre* v. *McIntyre*, 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606); *M., D. & S. R. Co.* v. *Anchors*, 140 *Ga.* 531-535 (79 S. E. 153); *Savannah Electric Co.* v. *Lackens*, 12 *Ga. App.* 765-767 (79 S. E. 53), and cases there cited.

*Judgment reversed, with direction.*

Decided July 29, 1915.

Action for damages; from city court of Sandersville—Judge Jordan. May 6, 1914.

*Saffold & Jordan, W. M. Goodwin*, for plaintiff in error.
*O. A. Nix, Hall & Roberts, Hardwick & Wright*, contra.