9326, 9327. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* O'KELLEY; and *vice versa.*

BROYLES, P. J. 1. Under the facts of the case the court did not err in refusing to give the requested instructions to the jury, as complained of in the first ground of the amendment to the motion for a new trial.

2. Grounds 2, 9, 14, and 19 respectively of the amendment to the motion for a new trial complain of the refusal of the court to exclude certain testimony. At least some of the testimony to which objection was made in each of these grounds was admissible. It was not error, therefore, to refuse to rule out all of the testimony objected to.

3. The admission of the testimony set out in grounds 4, 8, 11 and 17 respectively of the amendment to the motion for a new trial was not error for any reason assigned.

4. Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial must be complete within itself. If it is so incomplete as to require a reference to the brief of evidence to render it intelligible, it will not be considered by the reviewing court. Under this ruling grounds 3, 5, 6, 7, 10, 12, 13, 15, 16, 18, 20 and 21 of the amendment to the motion for a new trial will not be considered by this court. All of these grounds respectively complain of the admission, over the defendant's objection, of certain testimony, and a reference to the brief of evidence would be necessary before it could be determined whether the admission of this evidence was prejudicial error.

(*a*) Grounds 3 and 12 respectively complain of the admission of certain testimony as to complaints made by the plaintiff of his pain and suffering and his physical condition, but it does not in either of these grounds appear when such complaints were made—whether *immediately* after the railway accident (which the plaintiff alleged caused his injuries), or at some subsequent time. Nor does either of these grounds show to whom the complaints were made—whether to a physician, or some other person, in response to manipulations of the plaintiff's person, or to some one else. These two grounds are so incomplete that this court can not determine whether or not such complaints were a part of the res gestæ, and, consequently, can not say that the admission of this testimony was erroneous.

5. This case has been before this court on three previous occasions (14 *Ga. App.* 273, 80 S. E. 688; 16 *Ga. App.* 594, 85 S. E. 938; 18 *Ga. App.* 412, 89 S. E. 428), and twice the plaintiff has recovered in the lower court. It being conceded by counsel for the defendant railway company that upon the last trial, now under review, the verdict was authorized by the evidence, and that verdict having been approved by

the trial judge, and no error of law being made to. appear, we can not say that the judge of the superior court erred in overruling the certiorari sued out by the defendant.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. Bloodworth and Harwell, JJ., concur.*

DECIDED MARCH 13, 1918.

Certiorari; from Washington superior court—Judge Hardeman. October 3, 1917.

*F. H. Saffold, A. B. Lovett, W. M. Goodwin,* for plaintiff in error.

*O. A. Nix, J. H. Hall, Warren Roberts, A. R. Wright,* contra.