9239.   PARSONS *v.* WILSON.

</div>

WADE, C. J.   1. "Although the pleadings may not present the whole issue, yet if it be fully made by the evidence without objection, it is too late, after verdict for the losing party, to make that the ground of a motion for a new trial." *Howard* v. *Barrett*, 52 *Ga.* 15.   See also *Gainesville &c. R. Co.* v. *Galloway*, 17 *Ga. App.* 702 (4) (87 S. E. 1093), and cases there cited.

(*a*) There is therefore no merit in the contention that the verdict was contrary to law because, in the absence of any pleadings to that effect, testimony was heard at the trial to sustain a claim of set-off advanced by the defendant; for it appears that the testimony offered for this purpose by the defendant was not only not objected to by the plaintiff, but he likewise testified in regard thereto, denying the existence of the defendant's demand.   The issue was thus presented and passed upon.

(*b*) There was testimony to support the verdict.

2. The only special ground of the motion for a new trial is based upon alleged newly discovered evidence, and the court did not err in declining to consider this evidence and refusing the motion based thereon.

The alleged newly discovered evidence was that of three persons to the effect that the plaintiff was living in the town of Chatsworth during the early part of the year 1916, in the winter, and was in business there at that time. At the trial the plaintiff himself testified that he "was in business in Chatsworth in the winter,"—the same winter, and therefore was not boarding at the home of the defendant. It is apparent that the alleged newly discovered evidence is merely cumulative, since testimony was heard to the same general effect. Besides, one of the newly discovered witnesses made affidavit that he was in business with the plaintiff during his stay in Chatsworth; and, this fact being necessarily known to the plaintiff, it is obvious that he did not exercise ordinary diligence in failing to discover this witness at least.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED MAY 14, 1918.

Lien foreclosure; from Murray superior court—Judge Tarver. September 8, 1917.

*H. H. Anderson, Maddox McCamy & Shumate,* for plaintiff.
*William E. Mann,* for defendant.