13043.  SOUTHERN MOON AUTO COMPANY *v.* MOON MOTOR
CAR COMPANY INCORPORATED.

JENKINS, P. J.  1.  In order for a judgment to be reviewed by an appellate court in a case which remains pending in the trial court, it must appear that, had the trial judge rendered a decision or judgment such as the plaintiff in error contends should have been rendered instead of that complained of, there would have been a final disposition of the cause.  Civil Code (1910), § 6138; *Berryman* v. *Haden,* 112 *Ga.* 752 (2) (38 S. E. 53).  Thus, where a defendant has taken exceptions of law and exceptions of fact to the report of an auditor finding in favor of the plaintiff on the main suit and against the defendant on its plea of set-off, a writ of error does not lie from rulings of the judge sustaining exceptions of law, on the theory that he should have overruled them and should have directed a verdict in favor of the plaintiff.  Had the exceptions of law been overruled, this would have been no final disposition of the case, since the exceptions of fact still remained to be disposed of by the jury.  Civil Code (1910), §§ 5141, 5146, 5147; *Stanford* v. *Treadwell,* 68 *Ga.* 827; *Murphy* v. *District Grand Lodge,* 148 *Ga.* 648 (97 S. E. 858); *Prater* v. *Crawford,* 143 *Ga.* 709 (85 S. E. 829); *Kency* v. *District Grand Lodge,* 148 *Ga.* 515 (97 S. E. 439).  The fact that exception is taken also to a judgment based on a directed verdict, sustaining some of the exceptions of fact, but recommitting to the auditor for further evidence and report the issues raised by one of the exceptions, and leaving other exceptions of fact undisposed of, would not operate to change the rule, since the verdict and judgment thus taken did not amount to a final judgment upon or disposition of the auditor's report.  Direction is given that the official copy of the bill of exceptions of file in the office of the clerk of the trial court shall operate as exceptions pendente lite.

*Writ of error dismissed, with direction.  Stephens and Bell, JJ., concur.*

DECIDED JULY 24, 1922.

ADHERED TO ON REHEARING, SEPTEMBER 23, 1922.

Attachment; from Fulton superior court — Judge Ellis.  September 15, 1921.

*Waller S. Dillon,* for plaintiff in error.

*Mayson & Johnson,* contra.