## 14562.  WILLIAMS *v.* PILCHER & DILLON.

JENKINS, P. J.  1. In this action on open account for an alleged balance due for monies advanced to the defendant under his pledge of cotton stored with the plaintiffs as cotton factors, the correctness of the account was not disputed, but was in effect admitted in the defendant's testimony. Under his plea of recoupment for damages on account of the alleged failure of the plaintiffs to sell the cotton according to his instructions before the market declined, the sole issues were whether and when the defendant gave the instructions claimed, and if so, whether the plaintiffs exercised proper diligence in endeavoring to make a sale. As to these issues the evidence was in dispute, and this court is powerless to interfere, on the general grounds, with the discretion of the trial judge in refusing the defendant a new trial.

2. In the only additional exception the defendant assigns error because the court, after charging the jury that "the burden is on the plaintiffs to make good their contentions, so far as they set up an affirmative right,—they must make out their case by a preponderance of the evidence, the superior weight of the evidence on the issues involved, before they can recover," and after defining the meaning of "preponderance of the evidence," gave this instruction: "When the defendant comes in and sets up a contract and seeks affirmative relief against the plaintiff, then I charge you, as to such cross-action upon his part, the burden is on the defendant, Mr. Williams, to make that good, before you would be authorized to sustain him in that contention as against the plaintiff, and he must carry that burden by the same degree or weight of

proof that the plaintiff carries theirs, that is by the preponderance of the evidence, the superior weight of the evidence, the greater weight of the evidence." The alleged error in this charge is that the court, after stating that the plaintiffs must carry their burden by "a preponderance of the evidence, the superior weight of the evidence on the issues involved," in explaining the defendant's burden in substantially the same words added the phrase, "the greater weight of the evidence;" and that this "was calculated to be misleading and confusing to the jury and lead them to believe that defendant must produce more proof and have greater weight of evidence to sustain his contentions and cross-action than was or would be required from the plaintiff to sustain his claim on the account sued on." The language attacked can not properly be construed as subject to the criticism made. The fact that in the same connection the court, in elaborating and explaining what was meant by preponderance or superior weight of the evidence, defined it as "the greater weight of the evidence" could not reasonably have been received by the jury as meaning that greater proof was required of the defendant than of the plaintiff, especially since the court in the same immediate connection in terms told the jury that the defendant must carry his burden "by the same degree or weight of proof that the plaintiff carries theirs."

3. The plaintiff in error, pending a decision on this writ of error from the refusal of a motion for new trial, has filed a motion that this court direct that the bill of exceptions here "be and stand as a bill of exceptions pendente lite" and remain of file in this court, and that the remaining record be transmitted to the clerk of the trial court "for the sole purpose of allowing the plaintiff in error to amend his original motion with grounds of newly discovered evidence," which it is alleged would require a finding in his favor, and that such evidence has heretofore been unknown to the movant and his counsel. There is no rule of practice authorizing such a retention of a bill of exceptions in this court as exceptions pendente lite here. In certain proper cases of a premature writ of error from a judgment which was not final, or where if judgment had been rendered in accordance with the contention of the losing party it would not have been final, leave has been granted to file the official copy of the bill of exceptions in the lower court as exceptions pendente lite there. *Bacon* v. *Capital City Bank*, 105 *Ga.* 700 (*a*) (31 S. E. 588) ; *Clark* v. *Dallas Land Co.*, 141 *Ga.* 110 (*a*, *b*) (80 S. E. 556) ; *Bozeman* v. *Ward-Truitt Co.*, 141 *Ga.* 45 (2) (80 S. E. 320) ; *Carhart* v. *Mackle*, 22 *Ga. App.* 520 (96 S. E. 591) ; *Southern Moon Auto Co.* v. *Moon Motor Car Co.*, 29 *Ga. App.* 18 (114 S. E. 68). Any such rights as the movant might have to proceed in the lower court by an extraordinary motion for new trial, or an amendment in the nature of such, upon new grounds of newly discovered evidence, would not be lost by an adverse decision of this court as to the grounds set forth in the previous motion for new trial; nor would the lower court be deprived thereby of jurisdiction to exercise its discretion in entertaining the same. Civil Code (1910), §§ 6092, 6089; *Central of Ga. Ry. Co.* v. *O'Kelley*, 16 *Ga. App.* 594 (2 *a*) (85 S. E. 938), and cases cited; 18 *Ga. App.* 412 (89 S. E. 938) ; *Rawlins* v. *Mitchell*, 127

*Ga.* 24 (1) (55 S. E. 958); *Frank* v. *State,* 142 *Ga.* 617 (2) (83 S. E. 233); *Brown* v. *State,* 141 *Ga.* 783 (1), 786 (82 S. E. 238); *Harris* v. *Roan,* 119 *Ga.* 379 (1, 5, 6) (46 S. E. 433). See also, in this connection, *Brinkley* v. *Buchanan,* 55 *Ga.* 342, 343; *Spann* v. *Clark,* 47 *Ga.* 369, 377; *Perry* v. *Gunby,* 42 *Ga.* 41, 42; *Perkins* v. *State,* 126 *Ga.* 578 (55 S. E. 501); *Blalock* v. *Waggoner,* 82 *Ga.* 122 (8 S. E. 48). It is likewise unnecessary for the conservation of any rights which the movant might have in the premises that the record in this court be transmitted to the trial court. The original pleadings are there of file, and the trial judge would have access to the copy bill of exceptions, if it should be necessary to consider the brief of the evidence, the previous grounds of the motion for new trial, or anything therein contained.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 9, 1924.

Complaint, from Jefferson superior court—Judge Hardeman. January 6, 1923.

*B. F. Walker, Roy V. Harris,* for plaintiff in error.

*M. C. Barwick,* contra.