22556. WOFFORD OIL COMPANY OF GEORGIA *et al.* *v.* SOLOMON.

DECIDED MAY 27, 1933.

*J. F. Terry, O. C. Hancock,* for plaintiff in error.

*Arnold & Battle,* contra.

BROYLES, C. J. Ash Solomon sued the Wofford Oil Company of Georgia and Jesse L. Little, alleging that the company owned and operated a described filling station in the city of Columbus; that the said Little, as a servant and employee of the company, operated the station for the company; that Little, while acting as such servant and employee, rapidly and without warning drove a motor-bus from the station and upon the sidewalk, adjacent to the station, towards the plaintiff, who was walking on the sidewalk; and that the plaintiff, in an endeavor to escape injury, jumped from the sidewalk and fell upon the pavement, thereby sustaining the personal injuries sued for. The defendant company denied liability, alleging that Jesse L. Little was not its servant or employee at the time of the infliction of the plaintiff's injuries. It further alleged that the filling station was being operated by the said Little under a lease contract, that it (the defendant company) performed no services whatever for the customers of the station, and that the said Little did not perform any such services as the agent or servant of the company. A verdict for the plaintiff was returned, the company's motion for a new trial was overruled, and to this judgment it excepted.

■ A ground of the motion for a new trial complains of the admission of the following testimony of the plaintiff: "That is the telephone book for the city of Columbus for the year 1931, for the spring and summer issue. The book has general circulation throughout the city of Columbus. From the book it appears that the Wofford Oil Company operated the station at the southwest intersection of Thirteenth street and Second avenue. It doesn't state that it was the Wofford Oil Company of Georgia. It appears that the Wofford Oil Company's general offices in Columbus, Ga., were at 118 Thirteenth street. That is the telephone book for the fall and winter, 1931, for the city of Columbus; that is the telephone book for the city of Columbus, Ga., fall and winter issue, 1931, in general circulation throughout the city of Columbus." This testimony was objected to, upon the ground that it was "inadmissible for the reason that the said telephone books were printed and issued

by a third party having no connection with the Wofford Oil Company of Georgia, and that the writing of some third party, not a party to the cause of action on trial, was inadmissible as evidence in the case on trial."

The general rule is that the writings of third persons are not admissible in evidence against a party to a cause, unless it be shown that the writings were made at the instance or request or with the knowledge of that party. In the instant case there was evidence tending to show that A. J. Little (the father of Jesse Little), as the agent of the defendant company, made the contract with the telephone company for the listing in its books of the filling station in question, and knew that it was listed therein in the name of the Wofford Oil Company. In this connection, A. J. Little testified: "I was in charge of the Wofford Oil Company in Columbus, Ga. I was their local manager. I paid these telephone bills. . . I made all the contracts with the telephone company. . . I knew that the telephone company put out the book saying Wofford Oil Company, Thirteenth street and Second avenue." J. H. Jones, one of the alleged lessees of the station, also testified that "Mr. A. J. Little was the agent for the Wofford Oil Company of Georgia in the city of Columbus, and worked for the Wofford Oil Company of Georgia." The foregoing testimony tended to show that the filling station in question was listed in the telephone directory in the name of the Wofford Oil Company, through its local manager, with the knowledge and consent of the Oil Company; and, the question as to who was the real operator of the filling station being a vital issue in the case, the testimony as to the listing of the station in the telephone directory was not inadmissible for the reason stated by the defendant.

■ Another ground of the motion for a new trial alleges that the court erred in charging the jury that it was a contention of the defendant company that "it [the defendant company] leased the premises [the filling station in question] to Jesse L. Little through its authorized agent." That statement of the court was not authorized, either by the pleadings or by the evidence adduced upon the trial. The defendant company's answer merely alleged, in this connection, that the filling station "was being operated by the said Jesse L. Little under a lease contract;" and upon the trial the defendant company vigorously contended that the station was being

operated by Jesse L. Little and Jones as the lessees of A. J. Little, and that A. J. Little had executed the lease in his individual capacity, and that it (the defendant company) had no interest in or connection with the lease; and the defendant company introduced evidence tending to support its contentions. The case, under the law pertaining thereto, is a close one upon its merits, and the error of the court in so misstating the defendant's contentions upon a material issue requires a new trial. See, in this connection, *Fruit Dispatch Co.* v. *Roughton-Halliburton Co.*, 9 *Ga. App.* 108 (2-b) (70 S. E. 356); *Mitchell* v. *Schofield's Sons Co.*, 16 *Ga. App.* 686 (3), 689 (85 S. E. 978), and cases cited.

As a new trial must be had because of the above-stated error in the charge of the court, the question whether the verdict was authorized by the evidence is not decided.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*