31137.   EVANS *v.* HENSON.

Decided February 8, 1946.   Rehearing denied February 26, 1946.

*O. C. Hancock, Clifford R. Wheeless,* for plaintiff.
*Herbert Johnson, Calhoun & Calhoun,* for defendant.

SUTTON, P. J. (After stating the above facts.) ■ The contention of the plaintiff in error, that the pleadings and the evidence demanded a finding in his favor, and that the judge therefore erred in overruling the general grounds of the motion for a new trial, is without merit. The plaintiff contends that, since the defendant admitted the execution of the written contract and it was undisputed that the plaintiff had sold the amount of sweetened condensed milk alleged in the petition, a finding in his favor was demanded, where it also appeared that he had received a

commission of only three percent on these sales, while the contract provided for a commission of five percent, and since it appeared that the condensed milk carried a profit of nearly thirteen percent to the defendant. While a written contract can not be changed or modified by parol evidence of what was said or done at the time it was made, it is competent for the parties to modify its terms by a subsequent parol agreement, and thus make a new contract. *Elyea-Austell Co.* v. *Jackson Garage,* 13 *Ga. App.* 182 (79 S. E. 38). Also see *McGregor* v. *Bensinger Self-Adding Register Co.,* 86 *Ga.* 439 (12 S. E. 683); *Moon Motor Car Co.* v. *Savannah Motor Car Co.,* 41 *Ga. App.* 231 (152 S. E. 611); *American National Insurance Co.* v. *Lynch,* 49 *Ga. App.* 580 (176 S. E. 546). Although there were no pleadings of the defendant setting up a change or modification of the written contract, yet evidence was introduced by him, without objection from the plaintiff, that subsequently to entering into the written contract, he and the plaintiff had a parol agreement with respect to the sale of sweetened condensed milk whereby the plaintiff was to sell the condensed milk at a commission of only three percent without regard to the profit it carried to the defendant, and that the milk was sold under the terms of this subsequent parol agreement. "It has often been held by this court, that if proof goes to the jury without objection, which would show a right in the party offering it, the jury may consider it, although there are no allegations in the pleadings setting up the facts thus proved. This is put upon the ground that if objection be made that the pleadings do not authorize the testimony, the party tendering it might amend so as to make it admissible." *Artope* v. *Goodall,* 53 *Ga.* 318, 324. Also see *Haiman* v. *Moses,* 39 *Ga.* 708; *Howard* v. *Barrett,* 52 *Ga.* 15 (2); *Parsons* v. *Wilson,* 22 *Ga. App.* 279 (95 S. E. 1009); *Metropolitan Life Insurance Co.* v. *Hale,* 47 *Ga. App.* 674 (171 S. E. 306). Moreover, both the plaintiff and the defendant introduced evidence from which the jury was authorized to find that the sale of sweetened condensed milk was not in contemplation of the parties at the time the contract was made, but that the sweetened condensed milk was sold under a subsequent parol agreement, made when it became impossible to obtain powdered milk. The plaintiff testified that it was several months after the written contract before he was allowed to sell sweetened condensed

milk, and that he was given this right by a parol agreement with the defendant. When the plaintiff and the defendant differed as to the terms of this parol agreement and introduced evidence in support of their contentions, it was for the jury to determine the truth of the matter. *Cothran* v. *Brower*, 75 *Ga.* 494, 500. The evidence, although conflicting, is sufficient to support the verdict, and this court cannot say as a matter of law that the trial judge abused his discretion in overruling the general grounds of the motion for a new trial. *Williams* v. *Pilcher*, 31 *Ga. App.* 591 (121 S. E. 581).

■ In special grounds 1, 2, 3, 5, and 7 of the amended motion for a new trial, the plaintiff in error contends that the court erred in instructing the jury that he contended there had been a modification of the written contract, whereby he was allowed to sell an additional item of merchandise not set out in the written contract, upon the grounds that he had not contended on the trial that there had been a modification of the written contract, and that the instructions were not authorized under the pleadings and the evidence in the case.

While the plaintiff's pleadings do not set out a modification of the written contract, on the trial the plaintiff testified that at first he sold powdered milk and that: "In the bakery supply business, as war conditions became more difficult, milk became harder to get. Powdered milk was difficult to get and it got so we couldn't get it and the bakeries couldn't get it, and they were being satisfied with anything they could get. Mr. Henson was handling this sweetened condensed milk at the plant in Atlanta. . . Several times I asked him to let me sell some of it. He said 'No, we don't get enough to take care of the dairy trade.' . . But one day, early in May I think it was . . in 1943, he came to me and said, 'We got a little surplus of this sweetened condensed milk, and if you want to go out and see what you can do with it, all right.' . . So I started out. . . To a certain extent, this condensed milk took the place of powdered milk." Under this, as well as other evidence in the case, it appears that it was several months after the execution of the written contract before the plaintiff was given permission to sell sweetened condensed milk, that this permission was verbal, and that, to an extent, the sweetened condensed milk took the place of the powdered milk

which the plaintiff had been selling under the provisions of the written contract. Moreover, under the terms of that contract, the territory of the plaintiff was specified as "all the State of Georgia, and as much of Alabama as practical, and . . some parts of Florida;" and the evidence showed that the condensed milk was shipped to cities in Pennsylvania, Virginia, North Carolina, Texas, and Louisiana, as well as to cities in Georgia and Florida. A change or alteration, which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter of a contract intact, is a modification of the contract. See 40 C. J. 1486. In the present case, the addition of sweetened condensed milk to the other items which the plaintiff was allowed to sell under the provisions of the written contract, for which the plaintiff was to receive a commission of only three percent, and the addition of other territory to that specified in the written contract, in which the plaintiff was allowed to sell goods and receive commissions on his sales therein, was a modification of the written contract. The fact that the modification was not set out in the pleadings was immaterial, where the modification was set out or claimed by the plaintiff in his evidence. The general rule is that a charge on legal principles must be adjusted to both the pleadings and the evidence. This rule, however, is qualified when evidence has been introduced without objection relating to the same cause of action, which evidence could have been authorized by an amendment to the pleadings. Under such circumstances, in civil cases, the judge is authorized, but not required, to charge upon the issue thus made by the evidence. *Jones* v. *Hogans,* 197 *Ga.* 404, 412 (29 S. E. 2d, 568), and cit. Since the contention was made by the plaintiff in his evidence, the judge was authorized to charge on the contention thus made, and the court did not err in overruling special grounds 1, 2, 3, 5, and 7 of the amended motion for a new trial.

■ Special grounds 4, 6, 8, and 9 of the amended motion— which assign error on instructions by the court that, if the jury found that the contract made by the parties on September 27, 1941, had been modified to provide for a commission of three percent to the plaintiff on sales of sweetened condensed milk, the jury should find for the defendant—are without merit. The plaintiff contends that these charges were error, on the grounds

that they were not authorized by the pleadings of the defendant, and that it did not appear from the pleadings and evidence that the defendant was entitled to a modification of the contract; and upon the further grounds that the charges were not sound statements of principles of law, and were not applicable to the issues involved in the case. Since the issue, as to whether or not the contract entered into between the parties on September 27, 1941, had been modified or changed by a subsequent parol agreement, was made by evidence introduced by both the plaintiff and the defendant, without objection from either party, the court did not err in giving the instructions complained of, although the subsequent modification was not pleaded by the defendant. *Jones* v. *Hogans,* supra. These instructions were adjusted to the issues raised by the evidence, were sound as statements of law, and were not error for any reason assigned.

The cases cited and relied on by the plaintiff in error are distinguishable on their facts from the present case. In *Davis* v. *Morgan,* 117 *Ga.* 504 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171), the court, after holding the subsequent agreement in that case void, because, under the facts of that case, there was no consideration to support it, said: "If there had been any change in the hours, services, or character of work, or other consideration to support the promise to pay the increased wages, it would have been enforceable." In the present case, there was a change in the services, as sweetened condensed milk was added to the items sold by the plaintiff, and there was a change in the territory in which the plaintiff was entitled to receive commissions on his sales of condensed milk, and the commissions sued for arose largely by reason of sales of the condensed milk in this enlarged territory. In *Supreme Lodge Knights of Pythias* v. *Crenshaw,* 129 *Ga.* 195 (58 S. E. 628, 13 L. R. A. (N. S.) 258, 121 Am. St. R. 216, 12 Ann. Cas. 307), the case was on appeal from a judgment sustaining demurrers to the defendant's special pleas and answer, while in the present case the evidence of the subsequent parol modification of the written contract was introduced in evidence without objection from the plaintiff. In *Fruit Dispatch Co.* v. *Roughton-Halliburton Co.,* 9 *Ga. App.* 108 (70 S. E. 356), and *Wofford Oil Co. of Georgia* v. *Solomon,* 47 *Ga. App.* 42 (169 S. E. 780), the court, in instructing the jury, misstated contentions

of the losing party, while in the present case the court merely instructed the jury on issues raised by the evidence, but not set out in the pleadings of either party. We do not construe the certificate of the trial judge approving the amendment to the motion for a new trial as certifying that he instructed the jury on contentions not made by the plaintiff, but construe the certificate to mean that he gave the instructions complained of in the amended motion, and that it was the contention of the plaintiff in error in the amendment to the motion that he had not contended on the trial that there had been a subsequent modification of the written contract. As disclosed by the record, the plaintiff in error did contend in his evidence before the jury that there had been a subsequent modification of the written contract, and as set out in this opinion, the court did not err in so instructing the jury, even though such contention was not raised by the pleadings in the case.

The evidence authorized the verdict, no error of law appears, and the judge did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Felton and Parker, JJ., concur.*