CHARLES H. SMITH *vs.* BELVIDERA F. LILLEY.

A contract not within the statute of frauds was agreed on between the parties, reduced to writing, signed by the party to be charged, and the writing delivered to the other party.

Subsequently, but at the same interview, the parties orally agreed to a modification of this contract.

*Held*, that oral evidence of this oral modification was rightly admitted at the trial of an action brought on the contract.

The contract provided that B. should have one per cent. commission for selling realty of A., "whether B. or any one else made the sale." The oral modification limited his power to sell to six months.

*Held*, that the six months' limitation relieved B. from the duty of making exertions to sell after the lapse of that time, and that this relief was a sufficient consideration for the agreement to modify the contract.

*Held*, further, that B. was not entitled to commission on a sale made by another after the six months had expired.

EXCEPTIONS to the Court of Common Pleas.

This action was *assumpsit* brought in the Court of Common Pleas to recover one per cent. of $140,000, the selling price of the "Fletcher Building," under the following agreement: —

PROVIDENCE, January 18, 1886.

Charles H. Smith is hereby authorized to hire $90,000 or $100,000 on the Fletcher Building, for one year from July 1, 1886, interest not over five per cent. per annum, semi-annually in advance, commission one per cent. And said Smith is authorized to sell said building for not less price than $150,000. His commission when said sale is completed, at whatever price sold, is to be one per cent., whether he or any one else makes said sale.

BELVIDERA F. LILLEY.

At the trial the plaintiff put in evidence this agreement, and proof that he had acted under it and negotiated a mortgage and received his commission therefor; that, acting under the agreement, he had endeavored to sell the property; that another broker had sold it for $140,000 in the early part of the year 1888; and that the plaintiff had never received his one per cent. of said selling price.

The defendant offered evidence to show that after the foregoing agreement was signed by her and received by the plaintiff, but in the course of the same interview, the agreement was modified by

an oral agreement. To the introduction of this evidence the plaintiff objected ; the court overruled the objection, and the plaintiff excepted.

The court instructed the jury that " when the plaintiff's power to sell ceased, his right to receive a commission ceased ; and if the written agreement was so modified by parol that the plaintiff's authority to sell under it was limited to six months, then after the six months expired, and he had failed to get a purchaser at the price stipulated, that was the end of his authority ; and if after the six months expired, it was sold to somebody else, or if after the time expired, whenever it was, that they had agreed upon within which he might sell, it was sold by another person, then under the modified agreement the plaintiff had no claim for the commission on this sale and no standing in court."

To this instruction the plaintiff excepted.

The jury returned a verdict for the defendant.

*July* 12, 1890. PER CURIAM. The question raised by the first exception, as argued, is this, namely, where a contract has been entered into in writing, subscribed by one party and delivered to the other, is it competent for the subscribing party to show, by oral testimony, that subsequently the parties before separating agreed orally to a modification of it ? The court below decided that it was. The plaintiff excepted to the decision as inconsistent with the familiar rule that oral agreements between the parties to a written contract, made before or at the time of its execution, are inadmissible to vary its terms or to affect its construction. He concedes that a written contract, not within the statute of frauds, may be modified by a subsequent oral agreement ; but he contends that, if the agreement be made before the parties to the written contract separate after making it, the agreement is not subsequent, in legal acceptation, but contemporaneous. He cites several cases. The case most in point among them is *Kimball* v. *Bradford*, 9 Gray, 243. The contract there sued upon was in writing, and the Supreme Judicial Court of Massachusetts held that testimony offered by the defendant to show that, after the contract was executed and delivered and right upon the delivery, the parties had agreed orally to a substitute for one of its terms, was rightly rejected. The court in its opinion, which was a very brief *per cu-*

*riam*, say that the evidence went to show that " at the same inter-view, immediately after the delivery of the writing, and as a part of the same transaction, the parties agreed upon a substitute for one of its terms." It seems to us that the ground of decision was that the evidence was rightly rejected, not because the modifica-tion was agreed to before the parties had separated, but because it followed the execution of the written contract so immediately that the court regarded it as a part of the same transaction, whether rightly or not we need not consider. In the case at bar, accord-ing to the evidence, the modification followed, not immediately on the execution of the contract, but after a considerable interval during which the parties remained together, not with any reference to the contract, but to converse about other matters, so that the modification was no more a part of the same transaction than it would have been if it had been agreed to the next day. We see no reason why a separation should be required. The rule as laid down does not require it. In *Bryan* v. *Hunt*, 4 Sneed, Tenn. 543, 70 Amer. Decis. 262, cited by the defendant, it was decided that evidence offered to show that, immediately after the written contract sued upon was completed and signed by the parties, they orally agreed to a modification of it, was admissible. See, also, *Richardson* v. *Hooper*, 13 Pick. 446, where the oral modification, though longer after the execution of the contract, was yet made before the parties separated. We do not think the exception, in his view, can be sustained.

The plaintiff contends that the modification, if agreed to, is in-valid because without consideration. This point *does not appear* to have been taken at the trial below, and we do not well see how it can be raised here, since it presents a question of fact rather than of law. The contract as written did not limit the time within which the sale referred to in it was to be effected, and did not show what the plaintiff agreed to do under it in order to earn his commissions. The evidence is not fully reported, leaving the mat-ter somewhat obscure. The declaration, however, alleges that he agreed to exert himself to effect the sale, and if, as may be fairly supposed, he agreed to continue to exert himself indefinitely until the sale was effected, then the modification which limited the time for selling to less than six months would relieve him from continu-

ing his exertions after that time, and this relief in itself would be a good consideration for his assent. We do not think this point can be allowed.

The court below instructed the jury, if a modification was agreed to whereby the plaintiff, if he did not sell within less than six months, was to procure a mortgage and do nothing further about the sale, that then, if the sale was afterwards effected by some one else, he would not be entitled to commissions thereon. The plaintiff excepted to this instruction as erroneous. It seems to us to have been reasonable and fair. It cannot be supposed that it was intended that the plaintiff, who was to be paid for procuring the mortgage, should also be paid for a sale effected by some one else, while he himself was relieved from any duty of endeavoring to effect one. The contract on this point is not clear, but we are not satisfied that the court below committed any error in its instruction thereon.                                    *Exceptions overruled.*

*Edwin Metcalf & Walter F. Angell,* for plaintiff.

*Warren R. Perce & Daniel W. Fink* for defendant.