McGREGOR *v.* BENSINGER SELF-ADDING REGISTER CO.

Where the defendant contracted with the plaintiff for the latter to furnish him with a cash-register, for which he agreed to pay $25 cash and to give notes for eight succeeding payments, and it was agreed that the title to the register should remain in the plaintiff until the notes were paid, and that the defendant should not be entitled to the possession of the register until the first payment should be made and the notes signed and delivered, a subsequent agreement by the plaintiff, on defendant's refusal to sign the notes and make the payment without a previous trial of the register, that he should have it on ten days' trial before so signing or paying, was a change or modification of the original contract; upon his reception and trial of the register the new or changed contract became executed as to both parties, and that it was executed was its consideration. The defendant was therefore entitled to plead the representations as to the register made to him by the plaintiff.

December 23, 1890.

Contracts. Consideration. Pleadings. Before Judge
Cobb. City court of Clarke county. March term, 1890.

Reported in the decision.

Lumpkin & Burnett, for plaintiff in error.
No appearance *contra*.

Simmons, Justice.

The Bensinger Self-Adding Register Co. made a con-
tract with McGregor on July 19th, 1889, whereby Mc-
Gregor contracted for and ordered of plaintiff a wood-
case cash-register with automatic adding attachment,
for which he agreed to pay $25 cash and $15 a month
for eight months following the date of the contract.
It was agreed that the title to the property should re-
main in plaintiff until the notes were paid, and the
purchaser should not be entitled to the possession of
the machine until the $25 should be paid and the eight
notes signed and delivered. There were other stipula-
tions in the contract which it is unnecessary to mention
here. The machine was sent to McGregor, but he was
required to make a cash payment and sign the notes
for the deferred payments before the railroad company
would deliver it, or before the bank would deliver the
bill of lading. He declined to comply with these
terms, and on August 10th, 1889, wrote the plaintiff
"that he would not receive it unless the plaintiff would
guarantee that the machine was a correct self-adder
and perfect in all its workings as represented; if the
plaintiff would do that he was ready to receive the ma-
chine and do his part, and that he would want a two
weeks trial before accepting it." On August 13th the
plaintiff replied, "We will guarantee that our register
is perfectly reliable and a correct adder; we will have
no objection to letting you have the register upon ten
days trial." On August 19th the plaintiff wrote the
defendant, "As per your request, we notified the rail-

road company to deliver the register to you, and trust this will meet with your approval." It appears that in accordance with this letter, the railroad company delivered the machine to McGregor, and that when he tried it, not being satisfied with it, he refused to accept it, and returned it to the railroad for the plaintiff; and he likewise refused to pay the cash in settlement or to sign the eight notes. Whereupon the plaintiff brought its suit against the defendant on an account and on the contract. The defendant filed the general issue, and also a special plea as follows:

"The consideration of plaintiff's alleged claim was a certain wood-case cash-register with automatic adding attachment. [Plaintiff represented to defendant that said cash-register would register an accurate and correct account of each and every cash sale made and deposited in said register by defendant or his salesmen during each day's business, and would also keep an accurate account of the aggregate amount of said sales so made and deposited each day; and desiring to purchase a register of this kind, and for this work, and relying upon the plaintiff's said representation,] this defendant placed his order for one of said machines. Plaintiff agreed that defendant should take said machine on ten days trial. If the practical operations proved satisfactory to defendant, he was to make the purchase; if not, the machine was to remain the property of plaintiff. In accordance with this arrangement, the defendant did thoroughly and fairly try said machine, and found after a perfectly fair test that it was utterly unsuited to the use intended, in this, that it did not and could not register and keep an accurate and correct account of said sales as represented. Defendant further shows that as soon as he ascertained these facts and before the said ten days had expired, he carefully repacked said machine, and delivered the same, properly marked and directed, to the agent of the Georgia railroad, to be forwarded to the plaintiff, and immediately notified plaintiff of his said action in the premises."

The plaintiff demurred to this plea, and the court sustained the demurrer in part, and struck out of said

plea that part which is above enclosed in brackets, holding and ruling that no representations made prior to or after the signing of the contract could be received in evidence, nor could the defendant prove any modification thereof, because there was no consideration passing from the defendant to the plaintiff for such modification. He also charged this in substance to the jury; and under his charge the jury found a verdict for the plaintiff for the full amount of the plaintiff's claim. The defendant moved for a new trial on several grounds therein stated, among which was the striking of the above portion of this plea and the charge of the court thereon. The motion was overruled, and he excepted.

It will be seen from the above statement of the facts, that after the written contract was signed by McGregor, he refused to pay the money and sign the notes until he had a trial of the machine, the contract being that he was to pay the money and sign the notes before he got possession of the machine. Upon his writing to the plaintiff to this effect, the plaintiff agreed that he might have a ten days trial of the machine, and ordered the railroad company to deliver the machine to him for trial. The defendant accepted this and took the machine on trial, and before the ten days had expired, delivered it to the agent of the railroad company for the plaintiff, and refused to pay the money or sign the notes. We think that when the plaintiff agreed that the defendant might have the machine on ten days trial without paying the money or signing the notes, this was a change or modification of the original contract; and when the defendant received the machine and did try it, the new or changed contract then became an executed contract as to both of them; and this was the consideration for the new contract,— that it was executed. We think, therefore, that the

defendant had a right to plead the representations that were made to him by the plaintiff, which were stricken by the court. It will be seen by reading the plea, that immediately after these representations were pleaded, the defendant went on in his plea to allege this agreement of the plaintiff to allow him ten days trial, and that he did try it and was not satisfied with it. The representations pleaded were not set up as a distinct defence to the original contract, but as a part of that founded on a change of the contract, and as tending to show the reason why the change was made. The original contract as to one element had been abandoned by his agreeing to deliver the machine to the defendant for a ten days trial. The plaintiff had the right, with the consent of the defendant, to alter, change or modify the original contract, and when the defendant accepted the alteration and executed it, that was a sufficient consideration for the new contract, and that part of the old contract which was superseded by the new was abrogated. On the right to modify or change a written contract, or the effect thereof, see Smith *v.* Lilley, 20 Atl. 227.

For the reasons stated, we think the court erred in striking part of the above plea, as indicated, and ruling out the evidence thereunder. *Judgment reversed.*