## WHITNEY REALTY CO., Limited, et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6796.

Circuit Court of Appeals, Sixth Circuit.

Dec. 9, 1935.

Ferris D. Stone, of Detroit, Mich. (Cleveland Thurber and Edward S. Reid, Jr., both of Detroit, Mich., on the brief), for petitioners.

S. Dee Hanson, of Washington, D. C. (Frank J. Wideman, Sewall Key, and J. P. Jackson, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

Petitioners were stockholders of the Continental Lumber Company. At a stockholders' meeting held December 12, 1927, the officers of the company were directed to convey all of its assets to Nathan T. Viger as trustee. At the same meeting the articles of incorporation were amended so as to terminate the company's existence on December 26, 1927. On December 24 the company conveyed all of its real estate to Viger by ordinary form of warranty deed. On the same day it conveyed all of its personal property to him "to take, hold and collect" and to distribute the proceeds thereof from time to time to the stockholders, their legal representatives or assigns, according to their respective holdings as evidenced by liquidation certificates which he issued to them. On December 26 Viger executed and delivered declarations of trust of the real estate and personalty, reciting in them that the property was conveyed to him in trust to manage and control, receive the rents, issues, and profits therefrom, to sell and convey, and to discharge the obligations of the lumber company, "and thereupon to divide the residue of said income and proceeds among the registered owners of Continental Liquidation Certificates, according to their respective interests thereby shown and as thereby provided." Each of the declarations contained a provision that it should not be construed to make the lumber company or its creditors beneficiaries of the trust, or to make the trustee a representative or continuation of the lumber company. The declarations were duly signed and acknowledged by Viger as trustee and subscribed to and approved by the stockholders.

In their tax returns for the year 1927 the petitioners claimed as a loss deductible from income the difference between the value of their stock in the lumber company as of the basic date, the date it was acquired or March 1, 1913, and the value of their trust certificates as measured by the fair market value of like proportional interests in the net assets conveyed to Viger. The Commissioner disallowed the claim and the Board of Tax Appeals sustained his action.

The petitioners contend that the transfer of the assets to Viger was a distribution in kind to the stockholders in liquidation of the company, Viger taking and holding the property as their agent or nominee. The applicable provision of the Revenue Act is section 201 of the act of 1926, 44 Stat. 9, 10 (26 U.S.C.A. § 115 note), which declares: "Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 202 [section 111], but shall be recognized only to the extent provided in section 203 [section 112]."

The question is whether there was a liquidation of the lumber company in the taxable year in question by a distribution of its assets in kind. The respondent contends that there was not under Article 548 of Treasury Regulations 69 quoted in the margin.[1] The petitioners argue the point

---

[1] "Art. 548. Gross income of corporation in liquidation.—When a corporation is dissolved, its affairs are usually wound up by a receiver or trustees in dissolution. The corporate existence is continued for the purpose of liquidating the assets and paying the debts, and such receiver or trustees stand in the stead of the corporation for such purposes. (See section 282 and articles 1293 and 1294.) Any sales of property by them are to be treated as if made by the corporation for the purpose of ascertaining the gain or loss. No gain or loss is realized by a corporation from the mere distribution of its assets in kind upon dissolution, however they may have appreciated or depreciated in value since their acquisition. (See further articles 622 and 1545.)"

on their view of the effect of situs of title, trusteeships for and associations of stockholders, contending on these hypotheses that there was a distribution of the assets in kind. We think the petitioners' contentions are wrong, for in our opinion Viger received the assets not as unconditional owner thereof or as trustee or representative of the stockholders, but as a liquidating agent of the corporation, and this notwithstanding the statements in the declarations of trust that they should not be construed as making the lumber company or its creditors beneficiaries of the trust or as making the trustee a representative or continuation of the lumber company. At the time of the transfers the corporation had outstanding debts in a large amount and owned timber land, stocks, accounts receivable, and other personal property. The powers and duties of Viger under the deeds and declarations of trust were to sell and convey the assets "with all convenient speed" and, after discharging the obligations of the company, to divide the residue of the proceeds among the holders of the liquidation certificates according to their respective interests as thereby shown. It was the evident purpose of the stockholders to wind up the affairs of the company. They chose as an instrument for doing so—doubtless a convenient instrument—a liquidating agent for the company. The transfer to him by the company of its property for the purposes stated certainly was not a distribution to the stockholders in kind. They did not receive, and so far as appears from the record have not yet received, any of the assets of the company. The liquidating certificates are nothing more than evidence of their right to share in the residue of the proceeds of the sale of the assets after the payment of the corporate obligations and the costs of liquidation. The powers of Viger were substantially identical with those conferred upon the trustee in Boggs-Burnham & Co. v. Commissioner, 26 B.T.A. 988, affirmed by this court, 71 F.(2d) 999, who was authorized to sell the corporate assets, pay from the proceeds thereof the corporate debts and distribute the surplus among the stockholders. It was held in that case that the trustee was acting for the corporation, and that the gains derived from the sale of corporate property were taxable to the corporation. Like rulings on somewhat similar facts were made in Taylor Oil & Gas Co. v. Commissioner (C.C.A.5) 47 F.(2d) 108; Burnet v. Lexington Ice & Coal Co. (C.C.A.4) 62 F.(2d) 906; Hellebush v. Commissioner (C.C.A.6) 65 F.(2d) 902; and Northwest Utilities Securities Corporation v. Helvering (C.C.A.8) 67 F.(2d) 619. It does not lessen the pertinency of these cases that they dealt with a tax assessed against the corporation, for obviously there could have been no such assessment except upon the view that the sale was for the corporation and not for the stockholders as distributees of its assets. Nor is it important that in some of the cases the sale had been negotiated by the corporation before the transfer to the trustee except as that circumstance indicated that the trustee was a liquidating trustee for the corporation. That Viger was a liquidating agent for the lumber company is shown, we think, by the powers and duties given him in the deeds and declarations of trust. The disavowals of such representation in the latter cannot change or override what is otherwise plainly shown as the purpose of the transfers. In our opinion he was liquidating agent or trustee for the lumber company charged with the duty of winding up its affairs, discharging its obligations and distributing any balance of the proceeds from the sale of the property among the stockholders. There could have been no other purpose in conveying the property to him—indeed, it was necessary to satisfy the obligations of the corporation before there could be a distribution of assets among the stockholders, and until that was done and a distribution made, there could be no complete liquidation and no gain or loss realized by the petitioners.

The orders of the Board of Tax Appeals are affirmed.