**DEERING, MILLIKEN & CO., Inc., as Agent for Woven Plastics, Inc.,**

v.

**Cecil J. DREXLER, doing business as Drexler Manufacturing Company.**

**No. 14940.**

United States Court of Appeals
Fifth Circuit.

Oct. 29, 1954.

Richard M. Maxwell, Atlanta, Ga., for appellant.

J. Corbett Peek, Jr., Atlanta, Ga., Hurt, Gaines & Baird, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Brought in the Northern District of Georgia, against defendant, a citizen of Georgia, resident therein, the suit was on a judgment confirming an arbitration award against defendant in the Supreme Court of New York.

The claim was that, though defendant had not been served with process adequate to confer jurisdiction of his person and had not entered an appearance in the court, the defendant had, by an agreement given in connection with and as a

part of a contract of purchase, given his consent to the arbitration and to be sued thereon, and because and by virtue of that consent, the judgment was with jurisdiction.

The defense was a denial that defendant had consented either to the arbitration or to the jurisdiction of the court, and that the judgment was therefore completely void as to him.

Both plaintiff and defendant conceding that there was no dispute in the facts and each filing motions for summary judgment, it was at a pretrial conference stipulated and agreed that there were no genuine issues as to any material facts and that the case should be determined by the court on the grant of the motion for summary judgment of one of the parties. The matter thereafter coming on to be heard pursuant to the stipulation, the district judge, upon full consideration of the pleadings and affidavits, summed up the undisputed evidence and its effect in findings of fact [1] and conclusions of law,[2]

---

1. On May 27, 1949, defendant placed an order with plaintiff as agent for Woven Plastics, Inc. for certain goods covering 5,071 yards of closeouts and 3183 yards of seconds, one-half to be shipped at once, one-half of remainder in July, and the remainder in August, or upon call of customer, deliveries to be completed by the end of August, at the latest. The first shipment was made, received and paid for by Drexler, the invoice for it, No. 887, G–8, is dated June 7, 1949, and refers to contract of 5–27–49, which is the order of that date.

Under date of June 8, 1949, plaintiff mailed to defendant a paper across which was printed in large letters "Acceptance of Order" and at the bottom of which was printed, also in large letters, "please sign and return the accompanying confirmation." In the body of this paper was printed the following:

"This order is given subject to the terms herein stated and those on the reverse side hereof which are hereby accepted by the buyer and shall become a contract only when signed and delivered by the buyer to the seller and accepted in writing by the seller at the home office, or when buyer has accepted delivery of the whole or any part of the goods herein described. Any controversy arising under or in relation to this contract or any modification thereof shall be settled by arbitration. Unless the parties agree upon some other method of arbitration within ten days after demand for arbitration by either party, then such arbitration shall be held in the City of New York and in accordance with the laws of the State of New York and the arbitration rules then obtained of the National Federation of Textiles, Inc."

On the bottom of the document was the printed instruction: "Please sign and return the accompanying confirmation". This above described document was received by the defendant and retained by him without comment or objection. However, the defendant did not sign the document.

On July 27, 1949, defendant received from plaintiff a shipment of goods consisting of a portion of those described in the original order of May 27, 1949, and also in said "Acceptance of Order" and that shipment was retained and paid for by the defendant. The invoice covering that shipment refers to "contract of 6–8–49", the date of the so-called "Acceptance of Order".

The remainder of the goods covered by the transaction were shipped to the defendant and rejected by him. Thereafter, plaintiff, invoking the arbitration clause of the "Acceptance of Order" of June 8, 1949, sought to institute proceedings before the National Federation of Textiles, Inc., and on January 30, 1950, the National Federation of Textiles, Inc., mailed to defendant a letter stating that the National Federation of Textiles, Inc. had been requested to institute and "hereby gives notice of arbitration proceedings between above named parties in accordance with the contract, No. 887, dated June 8, 1949". This notice was lengthy; called upon the defendant to name an arbitrator; to file a written statement of his side of the case; and sets out in some detail the rules of the National Federation of Textiles, Inc.

The defendant did not reply to this notice, and on Feb. 6, 1950, a letter by registered mail was forwarded to defendant advising him that if his nomination of an arbitrator was not received by Feb. 9, 1950, they would assume that he did not wish to name one and that the matter would be referred to the committee. On February 8, 1950, the defendant, by registered mail, advised the National Federation of Textiles, Inc., that "We do not find any record wherein we obligated ourselves to arbitrate the matter concerning Deering, Milliken and Company and our-

and based on these findings and conclusions, he gave the judgment for defendant from which plaintiff has appealed.

Appellant accepting the district judge's ruling "that a contract resulted when appellant shipped a portion of the goods described in appellee's order on June 7, 1949", is here insisting that this ruling does not reach or dispose of appellant's contention in the case. This contention is that: appellant having sent to appellee, and appellee having received and retained, the "Acceptance of Order", dated June 8, 1949, which contained the arbi-

selves. We are therefore closing the matter as far as we are concerned."

The arbitration clause being invoked by the plaintiff, proceedings were taken, notices from time to time to defendant were given, as provided by the rules then obtaining of the National Federation of Textiles, Inc., which resulted in an award in favor of the plaintiff and against the defendant on April 4, 1950 in the aggregate amount of $4,059.67.

On May 16, 1950, Deering, Milliken & Company filed its petition in the Supreme Court of the State of New York praying that the Court issue an order confirming the award of the arbitrators and directing judgment to be entered on said award. The defendant was served with a copy of the petition personally at 408 Peachtree Street, N.E., Atlanta, Georgia, on the 4th day of May, 1950, but did not appear in opposition to plaintiff's motion to make the arbitrator's award the judgment of the Supreme Court of the State of New York. Thereafter, after notice by mail to defendant on June 2, 1950, an order directing judgment was issued and filed on June 13, 1950.

2. *This complaint is predicated upon a judgment from the Courts of New York.*

"A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action, the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis. Regardless of the nature of the right which gave rise to it, the judgment is an obligation to pay money in the nature of a debt upon a specialty. Recovery upon it can be resisted only on the grounds that the court which rendered it was without jurisdiction". Milwaukee County v. M. E. White Co., 296 U.S. 268, 56 S.Ct. 229, 233, 80 L.Ed. 220.

Plaintiff contends that the receipt of the so-called "Acceptance of Order" on June 9, 1949, and the retention of it without comment or objection, and the subsequent receipt by defendant on July 27, 1949 of a part of the goods described therein, constituted an acceptance by act and became a contract between the plaintiff and defendant by the terms of which defendant consented to the arbitration and the subsequent jurisdiction of the Supreme Court of the State of New York with respect to judgment on the award. It is therefore necessary for the Court to examine the so-called contract and the circumstances plaintiff contends constituted the "execution" or "acceptance" of the contract by "act".

In the case at bar we find the following facts:

1. On May 27, 1949, defendant placed an order for goods with plaintiff.

2. Plaintiff accepted the order and on June 7, 1949, shipped a part of the goods which were received and paid for by defendant.

Thus plaintiff accepted the order and its part performance under the contract was accepted by defendant, thus completing the contract with no provision for arbitration. Thereafter, and on June 8, 1949, plaintiff mailed to defendant the "Acceptance of Order" document which had printed thereon the arbitration agreement here insisted upon. Under the facts in this case the retention by the defendant of such document and the subsequent acceptance of a portion of the goods originally ordered, did not make a new contract and defendant never consented either expressly, or by implication, to the arbitration provisions, nor to the jurisdiction of the Supreme Court of the State of New York.

The defendant in this case did not, by contract or conduct, consent to the determination of controversies growing out of transactions with plaintiff by arbitration, nor consent to the jurisdiction of his person by the Supreme Court of the State of New York.

It appears from the record that the defendant, a non-resident of the State of New York, a resident of the State of Georgia, did not voluntarily appear in the case in New York and was not served with process within the State of New York, and did not consent to service elsewhere.

The Court is therefore of the opinion that the New York Court which rendered the judgment here sued upon did not have jurisdiction of the person of the defendant and that the judgment is a nullity.

tration clause and which stated that it should become a contract when accepted in writing by Appellee or when Appellee accepted delivery of the whole or any part of the goods therein described, when appellee thereafter accepted delivery of a part of the goods, a modification of the contract was effected, the arbitration clause became a part of the contract between the parties, and appellee is bound by the arbitration award and by the New York judgment based thereon.

In short, appellant contends, citing many cases from Georgia and elsewhere,[3] that this is a case for the application of the principle thus set out in 12 Am.Jur. 983:

> "The parties to any contract, if they continue interested and act upon a sufficient consideration while it remains executory, and before a breach of it occurs, may by a new and later agreement rescind it in whole or in part, alter or modify it in any respect, add to or supplement it or replace it by a substitute. Those who have made a contract may always supplement it by another one."

Appellee, in no manner contesting the correctness of the general principle relied on by appellant, vigorously disputes the contention of appellant that the contract, which was admittedly entered into by offer and acceptance before the so called "Acceptance of Order" was sent out, was in fact later changed by the mutual agreement of the parties.

In support, appellee points out: that, as found by the court, though the invoice covering the shipment of July 27th refers to contract of June 8, 1949, the shipment consisted of a portion of those described in the original order of May 27, 1949, and invoiced at the price then agreed upon; and that the defendant did and said nothing after the receipt of the "Acceptance of Order" or at the time of, or in connection with that shipment which was in any way inconsistent with his reliance on the original contract or in any manner indicated, or gave support to, the idea that he was changing or modifying the original contract or making a new one.

So pointing he insists that appellant's argument merely puts up a man of straw in this that, however excellent and authoritative the principle invoked may be when it fits the facts of a case, it is wholly inoperative here because not applicable to the undisputed facts.

We agree with appellee and the district judge that this is so. In recent cases we have had occasion to deal with cases of the kind presented here where one of the parties to a contract, as appellant-plaintiff did here, has made an ineffectual attempt to change its terms by unilateral action.[4]

Because we are in agreement with appellee and the district judge that the contract was not changed or modified to introduce into it the agreement for arbitration, we forbear to determine, or even consider, the interesting questions raised in connection with appellee's secondary defense: that even if it be assumed that the contract was so amended, there is nothing in the arbitration agreement which consents to jurisdiction or otherwise confers it on the New York court; and that the in personam judgment of that court entered without voluntary appearance or valid service of process is void.[5]

The judgment appealed from is affirmed.

**3.** McGregor v. Bensinger, etc., Co., 86 Ga. 439, 12 S.E. 683; Hewlett v. Almand, 25 Ga.App. 346, 103 S.E. 173; Albany Federal Savings & Loan Ass'n v. Henderson, 200 Ga. 79, 36 S.E.2d 330; Evans v. Henson, 73 Ga.App. 494, 37 S.E.2d 164; Kennesaw Guano Co. v. Edward O. Miles & Co., 132 Ga. 763, 64 S.E. 1087; Crown Central Petroleum Corp. v. Consolidated Oil Co., 5 Cir., 85 F.2d 429, certiorari denied 299 U.S. 600, 57 S.Ct. 193, 81 L.Ed. 443; Hawkins v. U. S., 96 U.S. 689, 24 L.Ed. 607.

**4.** Halliburton Oil Well Cementing v. Millican, 5 Cir., 171 F.2d 426; Celanese Corp. v. John Clark Industries, Inc., 5 Cir., 214 F.2d 551.

**5.** C/o Hoxsey v. Hoffpauir, 5 Cir., 180 F.2d 84.