## 5593.  CENTRAL OF GEORGIA RAILWAY COMPANY
### *v.* COOPER.

1. The court did not err in overruling the demurrer.
2. A general demurrer, alleging that the petition sets forth no cause of action, was too vague and indefinite to suggest that the plaintiff had omitted to allege whether he was the owner, or merely a bailee, of the property alleged to have been injured, it appearing inferentially from the petition as a whole that he was the owner.
3. None of the assignments of error in the motion for a new trial are sufficiently meritorious to require the grant of a new trial.

DECIDED JULY 7, 1914.

Action for damages; from city court of Sylvania—Judge Boykin. February 12, 1914.

*Saffold & Jordan,* for plaintiff in error.
*E. K. Overstreet,* contra.

RUSSELL, C. J.   The plaintiff sued the railway company for damages in the sum of $600 for injury to a player-piano, and was awarded $450 by the jury. The defendant excepts to the refusal of a new trial and to the overruling of its demurrer. Direct exception was taken also to the overruling of the defendant's motion for continuance, but the exception to the refusal to continue was abandoned by failure to refer to it in the brief or argument of counsel for the plaintiff in error.

It is contended that the petition should have been dismissed because it failed affirmatively to show that the plaintiff had any right to recover damages, in that it was not made to appear that he had any right or **interest in the piano in question.** It may be conceded that "the burden should not be placed upon the defendant to show that the plaintiff is not the aggrieved party and that he has sustained no damage. It must appear that the cause of action had accrued to the plaintiff at the time the action was commenced." 31 Cyc. 102, 4-A. "The failure of the complaint to state facts sufficient to constitute a cause of action is a ground for demurrer both at common law and under the code. The only question is whether the pleadings disclose any cause of action in favor of the party pleading." ' 31 Cyc. 288, B(1).. In *Louisville & Nashville Railroad Co.* v. *Cody,* 119 *Ga.* 374 (46 S. E. 429), where the petition was held to be defective on account of loose and equivocal allegations and the failure to allege that the plaintiff had been injured or damaged or suffered any loss on account of the alleged negligence of the defendant, the petition was directly assailed by a 'special demurrer based upon this ground; whereas in the case at bar, if it can be said that the point was presented at all, the statement must rest upon the theory that the objection is included in the general demurrer, in which it is insisted that the petition as a whole sets out no cause of action; and of course the language of this demurrer is too general to present the precise point. Even if the petition failed to lay ownership of the property in any one, either generally or specially, yet when pleadings which, though defective, are amendable are assailed for a specific defect, it must be by a special demurrer which places its finger upon the specific point, and not by a general demurrer directed against the petition as a whole, and which, if sustained, will result in the dismissal of the action. The court properly overruled the demurrer, not only because it was ineffectual to present the point referred to above, but also for the reasons stated in *Southern Railway Co.* v. *Johnson, 2 Ga. App.* 36 (58 S. E. 333), and *Central Railway Co.* v. *Murphey,* 116 *Ga.* 863 (2), 870 (43 S. E. 265, 60 L. R. A. 817). The petition in the case at bar states that Jerome Follette, who was both consignor and consignee, made the shipment as agent of the plaintiff. A consignor may sue for the non-delivery of a shipment, though he be a bailee; and as shipper he would hold the recovery in

trust for the true owner. The petition in this case was amended in response to the demurrer, by attaching the contract of carriage, and it does not lie in the mouth of the carrier, upon the breach of the contract, to say that the shipper would not be entitled to recover for damage sustained; nor can the carrier, in such a case as the present, where the plaintiff alleges that the shipper was his agent, successfully assert, by a general statement that "the petition sets out no cause of action in favor of the plaintiff," that the allegation of the plaintiff that the consignor was his agent is not sufficient to suggest the inference of ownership, although the defendant might by special demurrer have required a more unequivocal allegation as to the plaintiff's title.

The plaintiff in error insists that the petition does not set out a correct measure of damages, in that the $600 sued for is the price for which it is alleged the player-piano could have been sold. We think this objection was perhaps met by the amendment in which it is specifically alleged that the piano "was of the value of $600," and that it was so damaged as to be rendered "totally valueless, unsalable, and unfit for use." If the piano was worth $600 at destination, and was so damaged as to be rendered totally worthless, the damage, under the theory upon which the case was tried, would have amounted to $600. However, if the plaintiff, instead of offering the particular amendment which was allowed by the court, had so amended the petition as to show definitely that the piano was sold for $600, and that that amount was collected, or could have been collected from the purchaser, we think that, under the ruling in *Carolina Portland Cement Co.* v. *Columbia Improvement Co.,* 3 *Ga. App.* 483, 490 (60 S. E. 279), and citations, the plaintiff might have recovered the full purchase-price of the piano. For the reasons stated in that case, the three remedies provided in the code (Civil Code of 1910, § 4131) are not exhaustive, and do not preclude the recovery of profits which can be shown to be certain and fixed in amount, and to be the direct fruit of the contract of sale. And, therefore, while imaginary and speculative profits can not be recovered as damages, profits which would have been received but for the acts of the defendant may be recovered as damages when there are criteria, definite and certain, upon which an adjudication can be based.

The defendant demurred to the 3rd paragraph of the petition,

on the ground that the damage to the instrument was not set out specifically, so as to put the defendant on notice of the plaintiff's claim. The allegation of the original paragraph, as to the nature of the damage to the piano, was as follows: "Said piano was one that is known as a self-player, and, in addition to the cabinet work being badly damaged, the automatic player was broken and damaged, and said piano was generally broken up and rendered totally unfit for service or use." In response to the demurrer the plaintiff amended the petition so as to allege that "The front of the case was badly broken; the fall-board was split and broken, making it totally unfit for use; the motor in the player was broken, and a number of the springs in the action were broken; the automatic slide-pedal device was broken; one of the pedals was broken off; the case was badly bruised and scratched; one castor was broken off; same rendering it totally unfit for use and valueless." We are of the opinion that this amendment cured the defect pointed out by the original special demurrer; and if the statement that "a number of the springs in the action were broken" should have been made more specific by stating the number of springs, a further special demurrer would have been necessary to raise the point. "Demurrer, being a critic, must itself be free from imperfections." The original special demurrer was not of itself sufficiently specific to require the striking of the amendment, which was in part good; and it therefore failed of its purpose, just as a motion to exclude as a whole certain testimony would fail if a portion thereof were relevant and competent, though a portion might be incompetent. The amendment also met the objection, urged in the demurrer, that the petition failed to set out the value of the piano, and failed to allege that the instrument was absolutely worthless; for it was alleged in the amendment that the piano was of the value of $600, and had been rendered "totally valueless," and the word "valueless" is practically synonymous with worthless.

The objection that no copy of the contract was attached to the petition was met by amendment; and the objection that the petition showed that the piano was not totally destroyed, and the objection to the 7th paragraph of the petition, presented in the 10th ground of the demurrer, are not insisted upon before this court. The court sustained the 8th, 9th, and 11th grounds of the demurrer by striking the 5th, 6th, and 8th paragraphs of the petition. After

a careful consideration of the several grounds of the demurrer it does not appear that the trial judge erred in any of his rulings thereon.

It is insisted that the judge in his charge to the jury, erred in stressing the contentions of the plaintiff, and in disparaging the defendant's contentions by summarizing the latter in one brief sentence. It is also insisted that the charge was especially prejudicial in that the court excluded from the consideration of the jury the defendant's main contention, to the effect that the piano was injured by the agent of Mr. Follette to whom the piano was consigned, and was not injured by the defendant in any way. This objection supplies the basis of the 4th and 5th special grounds of the motion for a new trial. Our examination of the charge of the court does not sustain the exceptions taken in these grounds. The court's statement of the plaintiff's contentions is but a brief resume of the salient allegations of the petition, and the court told the jury as much by stating that they might find further contentions in the pleadings, and directing them to look to the pleadings and ascertain if there were others. This statement of itself would impress the jury with the fact that there was no intention on the part of the court to minutely specify or impress the plaintiff's contentions. After this statement the court did say that the defendant denied the contentions of the plaintiff and denied liability to the plaintiff in any amount whatever; and followed this with an express statement that the contentions were enumerated merely to direct the deliberation of the jury as nearly as possible to the main contention between the parties, and without any purpose of intimating or expressing any opinion as to what had or had not been proved. The case therefore does not fall under those rulings in which it is held to be reversible error to unjustly stress the contentions of one of the parties at the expense of the other. Conceding, however, that if there had been evidence tending to sustain an affirmative defense on the part of the defendant, it would have been error if the court had stopped here and had failed to present this affirmative defense, we searched the brief of evidence in order to ascertain if there was any testimony, direct or circumstantial, which would support the inference that the piano was injured or broken by any one other than the agent of the defendant. We have failed to find any such evidence. So far as appears from the record, the agent of the con-

signee refused to remove the piano because he found it in the possession of the defendant in a damaged condition; and the evidence of the witness who carried the piano to the depot at the point of shipment, as well as the bill of lading in which the defendant acknowledged the receipt of the shipment as in good order, precludes the assumption that the injury to the piano was caused by an agent of the plaintiff. The defendant is estopped by its bill of lading from asserting that the piano was injured before it was accepted for shipment; and the uncontradicted evidence shows that the injury was discovered some time before the piano was accepted by the consignee, and was known to both parties at the time it was delivered to the plaintiff's agent. But even if there were evidence to support the inference that the piano was injured by the negligence of an agent of the plaintiff, the assignment of error is without merit, because, as if in the abundance of caution, the court charged the jury upon this point, instructing them that if they should find that "the defendant company did not injure the instrument, or that the same was not injured while in their custody," the jury should find for the defendant. It is not error for the trial judge to omit to give instructions upon a theory of the case which is not referred to in the pleadings nor presented by any evidence. The apparent error of the court in imposing, as insisted, too great a burden upon the defendant, by not suggesting that it did not injure the instrument, is, however, of no advantage to the plaintiff in error, for it invokes a ruling similar to that which was in fact announced by the trial judge.

In the 6th special ground of the motion for a new trial complaint is made that the court erred in failing to explain to the jury the meaning of the terms "extraordinary diligence" and "ordinary diligence," it being alleged that the jury were left in the dark as to what was the legal meaning of those terms, and for that reason could not intelligently apply them to the facts of the case. In the absence of an appropriate written request for instructions the court is not, in our opinion, required to define to a jury words of such obvious meaning as "ordinary" and "extraordinary." It may be presumed that a jury of ordinary intelligence will understand the difference between that which is ordinary, or common, or usual, and that which is beyond the ordinary. When these words qualify the term "diligence" as used in legal parlance, it is of course always

better to appropriately define the terms "ordinary diligence" and "extraordinary diligence;" but it is not apparent that the omission of an appropriate definition was injurious to the defendant in the present case, or how it could have been injurious. The court correctly instructed the jury that no excuse can avail a common carrier in cases of loss of or damage to the shipment, except the act of God or of the public enemies of the State, and the court's only reason for referring to the distinction between ordinary diligence and extraordinary diligence was that it was insisted that the injury to the piano occurred while it was stored in the defendant's warehouse at Millen. It can well be said that this instruction, which was favorable to the defendant, because it imposed a lesser degree of diligence upon it as a warehouseman than would have been imposed upon it by the law as a carrier, was erroneous; for apparently there is no evidence to justify any conclusion other than that the piano was injured in transit, or at least before it was removed from the car upon the side-track to the warehouse; but it does not appear that the instruction, though unauthorized, injuriously affected the defendant. Injury must concur with error to warrant reversal. Our ruling upon this ground of the motion renders unnecessary any discussion of the 8th ground.

Certain newly discovered testimony is the basis of the 9th ground of the motion for a new trial. This testimony was in an affidavit to the effect that on the evening after the jury rendered its verdict, the deponent heard the plaintiff's agent, Jerome Follette, engage in a conversation relative to a suit for damages that day tried in the city court of Sylvania, and the deponent inquired about the damage to the defendant; that Follette then told the deponent of the injuries (which the deponent does not recall), and told him that the piano then being played in a show was the piano which was the subject of the suit. According to the witness the piano was in seemingly good condition, and he detected no defect in it except that it needed tuning. We can not hold that the judge abused his discretion in overruling this ground of the motion for a new trial. Aside from the fact that anything Follette might have said after the trial at variance with his testimony as a witness (if he was a witness in the case) would have been subject to the objection that it was merely impeaching, the affidavit did not purport to relate anything said by Follette which tended to contradict his

testimony as a witness under oath.    The affidavit states that the
deponent does not recall the words used by Follette, and the only
statement as to his understanding of what Follette said is that
Follette was interested in the case, and was the man who had
handled the piano, and that at that time he had in some way an
interest in the piano.    The newly discovered testimony is perfectly
consistent, so far as the point of ownership is concerned, with the
fact of Cooper's ownership at the time the piano was injured; for
several months had elapsed after the injury.    It could not con-
clusively be presumed that the piano had never been injured merely
because the instrument was in apparent good order and was playing
at the time it was seen by the witness; for ample time had elapsed
for the piano to have been repaired or rebuilt; and, according to
the jury's finding, the piano was not a total wreck nor entirely
worthless, for the verdict was for only $450 in damages, although
there was uncontradicted testimony that the value of the piano
before its injury was $600.    The grant of a new trial, based upon
newly discovered evidence and upon the ground that substantial
justice requires another hearing, is a matter addressed to the dis-
cretion of the trial judge; and this discretion will not be con-
trolled, unless it is plain that it has been abused.    In the present
case we are satisfied not only that the trial judge did not abuse
his discretion, but that the discretion was wisely exercised.

There were no errors in the trial which were prejudicial to the
defendant, and the evidence authorized a finding for the plaintiff.
It is true the finding might have been smaller, and yet, on the
other hand, as stated, there was testimony upon which the jury
could have based a verdict for a larger amount than that returned.
The trial judge did not err in refusing a new trial; and were it not
for the apparent good faith of counsel in urging the point as to the
plaintiff's failure to allege ownership, we should award damages
under the provisions of section 6213 of the Civil Code.

*Judgment affirmed.*