14128.    EDENFIELD *v.* YOUMANS.

STEPHENS, J.   1. This being a suit between two parties who were officers
of a bank. by which the plaintiff seeks to recover the amount of an
alleged indebtedness arising out of a contract by the terms of which
it was agreed that the plaintiff would pay for the benefit of the de-
fendant certain sums of money to the bank for the purpose of reducing
certain indebtedness due by the defendant to the bank and having the
payments credited thereon, which sums of money the defendant did by
written obligation promise to reimburse to the plaintiff, and the evi-
dence authorizing the inference that the plaintiff performed his obliga-
tions under the contract by paying the sums of money to the bank for
the defendant's benefit, and that the defendant was therefore indebted
to the plaintiff in the amount sued for, the verdict finding for the
plaintiff was supported by the evidence.

2. Where it appeared from the evidence that the plaintiff, instead of
making an actual cash payment to the bank for the defendant's benefit,
did, with the consent of the bank, give to the bank the plaintiff's note
in an amount equivalent to such indebtedness, which note was after-
wards paid to the bank, the court did not err in admitting this note
in evidence.

3. The books of the bank showing the plaintiff's account with the bank were
properly admitted in evidence for the purpose of corroboration, and the
court did not err in admitting the books over the objection that the
cashier who kept the same was absent and was not introduced to prove
the books, although he was accessible.   See in this connection: *Reviere*
v. *Powell*, 61 *Ga.* 31 (34 Am. R. 94) ; *Jewell-Loudermilk Co.* v. *Palmour
Hardware Co.*, 29 *Ga. App.* 772 (116 S. E. 557).

4. There is no merit in the contention of the defendant that, it appearing
undisputed that the alleged note sued on had never been executed, the
plaintiff had not proved his case as laid, since it appears from the
record that the suit was to recover upon an alleged promissory note
and also to foreclose a mortgage upon real estate, given for the same
alleged indebtedness, and since it further appears from the record
that " it is admitted that no note was executed by the defendant to
the plaintiff, and that the plaintiff is seeking to foreclose his mortgage
for $2,000, and the issue is whether the amount due is $2,000 or $1,000,"
and it further appearing that all the evidence. in the case was adduced
after said admission, and it not appearing anywhere from the record
that the defendant objected to the evidence offered to prove the al-
leged indebtedness.

        *Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*
    DECIDED JULY 16, 1922.   REHEARING DENIED SEPTEMBER 25, 1923.

    Complaint; from Emanuel superior court — Judge Hardeman.
October 18, 1922.

    *A. W. Jordan*, for plaintiff in error.   *I. W. Rountree*, contra.