31234.   CONSTITUTION PUBLISHING COMPANY *v.*
GAMMON.

DECIDED OCTOBER 8, 1946.

*Leon & Dean Covington, Gordon Lee Sullivan,* for plaintiff.
*Brantley Edwards, Constance M. Ragsdale,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) ■ On the trial, H. F. McConnell, a witness for the plaintiff, testified as follows: "In 1942 I was office manager of the plaintiff's circulation department and was in charge of circulation outside the City

of Atlanta. I know the defendant. This is his ledger account, it shows the charges and credits on his account and the balance due, and covers the months of October and November, 1942. That account has not been paid, the balance due on it is $471.78. That is the original entry. I am not the bookkeeper. The boy who made those entries is in Germany. I supervise this work. I have to watch these accounts and handle their collection. These sheets I hold in my hand are the books of original entry covering this account sued on here. I was there at the time these entries were made. This sheet that I have identified, the books of original entry, was made up from the record from our mailing room, showing how many papers were sent to the dealer every day. That was made in my office, under my supervision. I am office manager and have charge of all of this work." After the above-quoted testimony was given, the court refused to allow the plaintiff to introduce in evidence the above-referred to sheets identified by the witness McConnell.

We think that, under the facts of the case, the documentary evidence was admissible for the purpose of corroboration; and the court erred in rejecting it. "The books of the bank showing the plaintiff's account with the bank were properly admitted in evidence for the purpose of corroboration, and the court did not err in admitting the books over the objection that the cashier who kept the same was absent and was not introduced to prove the books, although he was accessible." *Edenfield* v. *Youmans,* 30 *Ga. App.* 654 (3) (119 S. E. 342). "As a general rule, the testimony of persons who have knowledge of the facts from which the books are made up is, as to those facts, primary evidence, and the books themselves are admissible only by way of corroboration." *Harper* v. *Hammond,* 13 *Ga. App.* 238 (3), 240 (79 S. E. 44) ; *Christopher* v. *Georgian Co.,* 22 *Ga. App.* 707 (3) (97 S. E. 97) ; *Dixon* v. *Sol Loeb Co.,* 31 *Ga. App.* 165 (9) (120 S. E. 31).

■ During the trial, the plaintiff put the defendant on the witness stand and cross-examined him. That testimony of the defendant was vague, uncertain, and self-contradictory, contained several admissions which tended to corroborate the other evidence for the plaintiff, and tended to show the defendant's liability for the account sued on.

Furthermore, the plaintiff put in evidence paragraph 8 of the

original petition (which was the heart of the cause of action against the defendant), and the original answer of the defendant, for the purpose of showing that the allegations of said paragraph were not denied in the original answer. Any material averment in a petition, "which is not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant shall state in his answer that he can neither admit nor deny such averment because of the want of sufficient information." Code, § 81-103. It is true that the defendant in an amendment denied said paragraph of the petition, but that amendment was not introduced in the evidence, and pleadings not so introduced are not evidence.

In our opinion, the evidence for the plaintiff made out a prima facie case, and the award of a nonsuit was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*