32774, 32776. HARTLEY *v.* STROWBRIDGE *et al.;* and *vice versa.*

DECIDED MARCH 10, 1950.

*E. T. Averett,* for plaintiff in error.

*J. D. Godfrey, Casey Thigpen,* contra.

MacIntyre, P. J. ■ Counsel for the defendants in error made the following motion to dismiss the writ of error on the main bill: "Richard Haynes, Eula Mae Strowbridge and Jesse Strowbridge, as plaintiffs obtained a verdict and judgment in the lower court against Marvin Hartley, as defendant . . same being a joint verdict and judgment. Marvin Hartley made a motion for a new trial as to Jesse Strowbridge only, which motion was overruled. Notwithstanding Eula Mae Strowbridge and Richard Haynes were not named nor mentioned in the motion for new trial, and were not parties thereto, Marvin Hartley, in his bill of exceptions attempted to make Eula Mae Strowbridge and Richard Haynes defendants in error in said bill of exceptions along with Jesse Strowbridge, which attempt was merely a nullity." The motion for a new trial was captioned: "Jessie Strowbridge et al. v. Marvin Hartley," and recited: "verdict and judgment for plaintiffs . . the defendant being dissatisfied," etc. Other than in the caption the parties plaintiff were not designated. Service of the motion for a new trial was acknowledged thus: "Due and legal service of the within motion and order acknowledged, time, copy, and all other and further notice waived . . J. D. Godfrey-Casey Thigpen, Attorney for plaintiffs." The motion for a new trial was overruled. "Before the passage of the act of 1911 [Code § 6-912], the denomination of parties who are necessary parties defendant in error by the words et al. . . rendered the bill of exceptions fatally defective for want of necessary parties. . . By the act of 1911 this defect is amendable and not fatal" (*McEachin* v. *Jones,* 165 *Ga.* 403, 140 S. E. 878), and the acknowledgment of service of the motion for new trial having been signed by the attorneys who represented all the parties plaintiff in the court below, defendants in error here, the motion for a new trial containing the designation "et al." for the unnamed parties could have been amended. The defendants in error are all properly named in the bill of exceptions and the same attorneys who accepted service of the motion for new trial, accepted service of the bill of exceptions, and it will be presumed here that the attorneys accepted service of the motion for a new trial for all the defendants in error there

(*Ware* v. *Ware*, 20 *Ga. App.* 202, 92 S. E. 961), and since there was no motion to dismiss the motion for new trial at the time of the hearing we will here presume that the defect was waived. The motion to dismiss the writ of error is denied.

■ No demurrers were filed in the case, either to the petition or to the answer, and no exceptions were taken in the main bill of exceptions to the introduction or exclusion of evidence. This suit was brought in the statutory form prescribed by the act of 1847 (Acts 1847, p. 203, codified in the Code of 1882 as § 3393) which "was intended to allow the plaintiff to recover in an action on an account, such an amount thereof as he was justly and equitably entitled to, either under a special agreement to pay the amount charged or so much as the goods or services rendered were reasonably worth, without regard to the technical rules of pleading, or the evidence applicable to a special contract or a quantum meruit." *Johnson* v. *Quinn*, 52 *Ga.* 485. "As the act of 1847 did not undertake to say in what 'cases an action upon an account' could be brought, but simply provided a form which might be used for such an action, these decisions clearly show that an action upon an account may be brought for goods sold or services rendered, whether there is a special agreement or not to pay a specified sum for such goods or services." *Talbotton Railroad Co.* v *Gibson*, 106 *Ga.* 229, 234 (32 S. E. 151).

While the testimony of the plaintiffs, who were ignorant and unlearned—one of whom it appears could neither read nor write —was in some instances inconsistent and contradictory as to some of the items of the account, even if those items of the account were completely eliminated, and even if the jury accepted the defendant's evidence as the amount of the income from the farm for the period of time in question, as admitted by the defendant in his answer, still the plaintiffs swore positively that the landlord-sharecropper relationship existed between them and the defendant; and we think the jury was authorized to find in this suit on account as brought, that the sharecroppers had complied with their contract and the landlord refused on demand to make settlement and that under such facts the croppers were entitled to a verdict and judgment for the contract part of the crop produced, after deducting therefrom the advances found to have been made to them by the landlord. The verdict for $1000 for the

plaintiffs was considerably within the range of the evidence and under all of the evidence was authorized.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed on the main bill; cross-bill dismissed. Gardner and Townsend, JJ., concur.*