33361. RAILWAY EXPRESS AGENCY INCORPORATED *v.* SOUTHERN GAS COMPANY INC.

DECIDED MAY 4, 1951.

*Alston, Foster, Sibley & Miller, Memory & Memory, William B. Spann,* for plaintiff in error.

*Lee S. Purdom,* contra.

WORRILL, J. Southern Gas Company sued Railway Express Agency Incorporated for damages to certain gas heaters shipped by Hopkins Equipment Company of Atlanta to the plaintiff as consignee. The petition alleged that of a shipment of 50 heaters 20 were so damaged upon receipt by the plaintiff as to be wholly worthless, and prayed for damages for the market value of the 20 heaters at $25 each or $500, plus interest and the $50 penalty as provided by the Code, § 18-319. Upon the trial the plaintiff introduced evidence from which the jury would have been authorized to find that the heaters were delivered to the defendant by the consignor in Atlanta in individual sealed cardboard or pasteboard cartons; that there was no evidence of damage to the cartons or to the contents upon the delivery to the carrier, but that upon delivery of the cartons to the plaintiff at Blackshear, Georgia, 20 of the 50 cartons were found to show evidence of rough handling, the cartons being dented, and in some instances broken through, and the heaters therein, being constructed of thin metal with baked-on enamel finish, with porcelain or clay radiants in the burners, were found to be dented in some instances, legs twisted or bent in others, and with the

porcelain radiants broken in many. The plaintiff's witnesses testified: that for the plaintiff's purposes the heaters so damaged were worthless; that there was no place where they could be repaired in or around Blackshear, and to send them back to the factory would cost more than the original cost of the heaters; that the plaintiff did not deal in junk or second-hand merchandise; and that, so far as the plaintiff was concerned, the heaters could not be sold. However, the plaintiff's witnesses did admit on cross-examination that the heaters had some value as junk or could possibly be sold at reduced prices as damaged merchandise. The defendant's evidence tended to show that the damage to the heaters was slight in most instances, and that the heaters had some sale value in the condition they were in when delivered to the plaintiff; and that all of the heaters were in condition to function as heaters; but that the principal damage to them was to the cabinets and to their appearance. The jury returned a verdict for the plaintiff for $550, the defendant made a motion for a new trial on the general grounds alone, and the exception here is to the order overruling that motion.

The sole question thus raised by the record is whether the evidence authorized the verdict. The principal question raised by the argument of counsel before this court is whether the evidence wholly failed to show that the heaters in question were absolutely worthless; it being admitted that they would still function as heaters and could be sold in Blackshear for some amount, or at least had some salvage value, and contended that a verdict for the plaintiff in the amount sued for was not authorized by the evidence. Conceding, but not deciding, that the evidence did not authorize a finding that the heaters in question were wholly worthless after the damage was inflicted, nevertheless, this contention is not valid, since the plaintiff's evidence as to the value of the heaters was not confined to a statement that they were worth only $25. The plaintiff's witnesses clearly testified that the heaters were selling for and were worth $35 in Blackshear in May and June, 1947, at the time the heaters in question were damaged. This evidence, so far as the record discloses, was admitted without objection; and since its introduction did not constitute a material variance from the cause of action pleaded, it was competent evidence for the jury to

consider in arriving at the amount of damages to be awarded. *Mahone v. Bryan,* 56 *Ga.* 294; *Napier v. Strong,* 19 *Ga. App.* 401 (2), 406 (91 S. E. 579); *Edenfield v. Youmans,* 30 *Ga. App.* 654 (4) (119 S. E. 342); *City Nat. Bank & Trust Co. v. Orr,* 39 *Ga. App.* 217 (5) (146 S. E. 795); *Evans v. Henson,* 73 *Ga. App.* 494 (2b) (37 S. E. 2d, 164). Under these circumstances, it does not necessarily follow, because the jury awarded damages in a sum equal to the alleged value of the heaters as set forth in the petition, that they awarded damages based on a total destruction of the value of the heaters. The unobjected-to evidence was quite sufficient to have authorized a finding for the plaintiff in an even larger amount, but for the prayer.

While it may be conceded that the evidence was in conflict in some material particulars, the jury has resolved that conflict in favor of the plaintiff, and there being ample evidence showing that the goods were delivered to the defendant in good condition, and received by the consignee in bad condition, a mere conflict in the evidence in some material particulars will not authorize this court to interfere with the verdict in the absence of some error of law appearing. See generally, *Central of Georgia Ry. Co. v. Cooper,* 14 *Ga. App.* 738, 740 (82 S. E. 310); *Atlantic Coast Line R. Co. v. Hogrefe,* 43 *Ga. App.* 520 (159 S. E. 760); *Hartley v. Strowbridge,* 81 *Ga. App.* 155 (2) (58 S. E. 2d, 249); *Rome Electric, Inc. v. Railway Express Agency,* 81 *Ga. App.* 368 (59 S. E. 2d, 19); *Mendenhall v. Nalley,* 81 *Ga. App.* 517 (1) (59 S. E. 2d, 283); *McFarland v. Bradley,* 82 *Ga. App.* 223 (1) (60 S. E. 2d, 498).

The trial court did not err in overruling the motion for a new trial on the general grounds alone.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*