### 37455. MALONE *v.* MURPHY.

Decided February 3, 1959—Rehearing denied
February 20, 1959.

W. J. Patterson, Jr., for plaintiff in error.

Adams, O'Neal & Steele, H. T. O'Neal, Jr., contra.

QUILLIAN, Judge. ■ Each of the four special grounds of the motion for new trial assigns error upon the manner in which the trial court in its charge to the jury submitted the two ordinances of the City of Macon (Traffic Code of the City of Macon, §§ 82-910 and 82-1002), which were pleaded by the plaintiff and introduced in evidence under the circumstances stated by the trial court in its charge to the jury and in its note to special ground 1; that is to say, by a stipulation between counsel for the parties during the interim between their arguments to the jury and the court's charge to the jury.

In special ground 1 the plaintiff complains of the following excerpts from the court's charge: "He (plaintiff) further alleges the defendant was negligent as shown by paragraph 10 of his petition, alleging therein certain alleged acts of negligence, including the allegation that the defendant violated City of Macon Traffic Code Section 82-910 and also 82-1002. Pursuant to agreement of counsel for the parties, these identified sections of said traffic code are in evidence, and it is stipulated by counsel that they are of force and effect and valid. You will find that they are identified and copied im paragraph 10 of the plaintiff's petition and you should read them and consider them together with all the other evidence in the case when you go to the jury room to make your verdict. . . The plaintiff claims the defendant violated certain municipal ordinances of the City of Macon which you will find plead in the petition of the plaintiff. When you go to the jury room you should read those ordinances as plead. They are in evidence by agreement of counsel."

These excerpts from the charge are alleged first to be erroneous, misleading and confusing in that the court had instructed the jury to refer to the pleadings to determine what the municipal ordinances provided when the court had previously charged the jury as follows:

"The pleadings are not evidence and have no probative value;

that is, they prove nothing except as there may be admissions therein; but you are authorized to read the same for a more specific elaboration of the contentions of the parties and of the case which you are to decide." Secondly, it is alleged that the excerpts from the charge are not sound as abstract principles of law as it is the duty of the court to charge the law applicable to the pleadings and evidence in the case, and to charge the substantial and essential law of the case and the excerpts from the charge, do not comply with this duty.

In special ground 2 error is assigned upon the following excerpts from the charge:

". . . and you should read them [city ordinances pleaded in plaintiff's petition] and consider them together with all the other evidence in the case when you go to the jury room to make your verdict."

The fallacy attributed to this excerpt is that the court, by implication, instructed the jury that the charge was evidence which they should consider with all the other evidence, when the ordinances were not evidence but municipal laws which should have been charged without request.

In special ground 3 error is assigned upon the court's failure to submit to the jury, without request, the terms of the ordinances. The vices attributed to the court's failure to charge the exact language of the ordinances are that the ordinances are principles of law applicable to material issues in the case which were supported by the evidence; such charges were pertinent and applicable to the facts in the case; such charges were essential laws of the case; the failure to charge such ordinances was a failure to charge on substantial issues in the case presented by the evidence and pleadings; and it was the duty of the court, without request, to instruct the jury on every substantial issue presented by the evidence and pleadings.

Special ground 4 is but an elaboration, if not a mere reiteration of special ground 3.

While these special grounds have been set forth at quite some length, each of the grounds is but a slightly varying facet of the same question and will be determined here together. Under the circumstances of this case, we think the court's charge is not

subject to any of the criticisms lodged against it. A thorough examination of the charge shows it to have been full and fair and to have covered every substantial issue and principle of law raised by the pleadings and the evidence. No request was made for a more elaborate charge. While the plaintiff pleaded the two ordinances of the City of Macon, counsel for the plaintiff forgot to introduce copies of the ordinances in evidence. This omission was called to the attention of counsel for both sides by the court during the interval between their closing arguments and the court's charge. By stipulation between counsel it was agreed that the ordinances, as they appeared in the pleadings of the plaintiff, would be considered to be in evidence, and it was conceded that they were valid ordinances in full force and effect at the time of the collision. For all practical purposes, this stipulation constituted an admission on the part of the defendant that the plaintiff's pleadings contained the true and correct provisions of the ordinances, which were valid and in full force and effect at the time of the collision. The court's action in referring the jury to the pleadings in order to determine the exact provisions of the ordinances was in nowise improper or erroneous. (*Brantly* v. *Huff*, 62 *Ga.* 532; *Hodgkins* v. *State*, 89 *Ga.* 761, 15 S. E. 695; *Jones* v. *State*, 130 *Ga.* 274, 286, 60 S. E. 840; *Carroll* v. *Taylor*, 87 *Ga. App.* 815, 75 S. E. 2d 346). Nor was the court's action, under the circumstances, in referring the jury to the plaintiff's petition for the provisions of the ordinances, inconsistent with its later charge that the pleadings are not evidence, or calculated to mislead or confuse the jury. While no one will gainsay the plaintiff's contention that it is the court's duty to charge the jury upon every principle of law applicable to the case (*Gainesville & Northwestern R. Co.* v. *Galloway*, 17 *Ga. App.* 702, 87 S. E. 1093), the law applicable to this case was not the ordinances themselves, but the legal effect of the ordinances; that is to say, that a violation of either of the two ordinances would constitute negligence per se. This principle of law was given fully in charge to the jury. See *Folds* v. *City Council of Augusta*, 40 *Ga. App.* 827 (151 S. E. 685), and cit.; *Western & Atlantic R.* v. *Swigert*, 57 *Ga. App.* 274 (195 S. E. 230), and cit.

■ As the jurors are the sole arbiters of the credibility of the witnesses and of questions of fact, and they have resolved the conflicting evidence in favor of the defendant Murphy and against the plaintiff Malone in the main action, and in favor of the plaintiff Murphy and against the defendant Malone in the cross-action, this court must construe the evidence in a light most favorable to the verdict. Under such a construction it appears that the jury was authorized to find that: Malone, traveling *west* on Napier Avenue with the intention of turning *left* across the avenue into his driveway, had stopped his car next to the curb in the lane provided for *right* turns, in violation of a city ordinance; at the time he proceeded to turn and cross the avenue he had his signal light operating to indicate a left turn, but was looking to the rear and to the left over his shoulder to see if any traffic was approaching from the east; when he first saw Murphy's car approaching in the lane provided for traffic moving from west to east, Murphy was within thirty feet of him, yet he crossed over the line dividing east and west bound traffic into the path of Murphy's car; Murphy, who was traveling at 25 miles per hour in compliance with the city ordinance, endeavored to avoid colliding with Malone's car by swerving to the right, but was confronted by a telephone post and therefore endeavored to avoid the post and go around Malone's car, but was unable to do so; at the time Murphy saw Malone's car, it was standing still; at the time Malone drove into the path of Murphy's car, Murphy could not in the exercise of ordinary care stop his car in so short a distance (thirty feet) so as to avoid colliding with Malone's vehicle; the sole proximate cause of the collision and damages to Malone's car and to Murphy's car was Malone's negligence, which Murphy could not avoid in the exercise of ordinary care; and that Murphy was guilty of no negligence under the circumstances shown. The evidence authorized the verdict and the trial court did not err in denying the motion for a new trial for any reason assigned.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*