39616.   GLOBE MOTORS, INC. v. NOONAN.

Decided September 5, 1962.

*Lewis, Wylly & Javetz, Jack H. Usher,* for plaintiff in error.
*Cowan, Zeigler, Downing & McAleer, Richard T. Cowan,* contra.

Hall, Judge.   1.   The plaintiff pleaded as an item of special damages $2,921.03, alleging that he had a working agreement in which he shared in the profits of the company in which he worked; that from March through August 1961 because of his injuries he lost the sum claimed, which would have been his part of the profits during that period of time when he was unable to work regularly.   The trial court erred in overruling defendant's special demurrer on the ground that the alleged working agreement was not set out.   Loss of earnings in the form of profits can be recovered only if the loss is free from uncertainty and speculation.   See *Central of Ga. R. Co. v. Cooper,* 14 Ga. App. 738, 740 (82 SE 310).   Therefore, in pleading this item of special damages sufficient facts should be alleged to show definitely that the claimed loss of profits would not have occurred but for the injury. *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252, 256 (76 SE2d 536) ; *Georgia Grain Growers Assn. v. Craven,* 95 Ga. App. 741, 748 (98 SE2d 633).

2.   In Grounds 1, 2 and 3 of the motion for new trial the defendant complains that the court in giving charges to the jury requested by defendant on the subject of injury to plaintiff

caused by an intervening independent agency, failed to give the charges in the exact words of defendant's written requests.

It is not necessary for us to decide whether the charges requested by defendant were pertinent to the evidence in the case, because the plaintiff's counsel states in his brief that, in order to avoid the possibility of reversal of a verdict for the plaintiff, he "requested the judge in the trial of this case to charge all of the written requests of the [defendant], whether they were adjusted to the facts and the evidence in this case or not." By this action during the trial the plaintiff is estopped now to take the inconsistent position that the requested charges should not have been given as requested. *Partee v. State,* 19 Ga. App. 752, 756 (92 SE 306); *New York Life Ins. Co. v. Tarbutton,* 45 Ga. App. 97, 100 (163 SE 229); *McWilliams v. Gillespie,* 106 Ga. App. 11 (126 SE2d 274). Since a new trial will be granted on other grounds, and the deviations from the exact language of the requests will not likely occur again, it is not necessary to pass on whether the failure to give the requests in their exact language fall under the holdings of *Vaughan v. Vaughan,* 212 Ga. 485 (93 SE2d 743); *Leggett v. Brewton,* 104 Ga. App. 580 (122 SE2d 469); and *Manley v. State,* 105 Ga. App. 700 (125 SE2d 575). Nevertheless, it is important to point out that the defendant submitted three requested charges. The attorney for the plaintiff, out of an abundance of caution (*Vaughan v. Vaughan,* supra; *Leggett v. Brewton,* supra), asked the trial judge to charge all of these requests. It appears that the trial judge made a conscientious effort to give them in the exact language of the requests. It also appears that in attempting to give the charges in the exact language of the requests, the trial judge inadvertently altered certain words and phrases in each of the three requested charges. To require the grant of a new trial for such technical errors, even though they may be harmless, would seem to place shadow over substance. This is especially true in view of present crowded court calendars. Banks, "Crisis in the Courts", 64 Fortune Magazine 86 (Dec. 1961). It also gives emphasis to the so-called "sporting theory of justice" that law is a mere game. As Dean Roscoe Pound stated some 56 years ago, "If the law is a mere game, neither the players who

take part in it nor the public who witness it can be expected to yield to its spirit when their interests are served by evading it . . . " However, regardless of our individual opinions (see also *Leggett v. Brewton,* 104 Ga. App. 580, 585, supra), the decisions of the Supreme Court of Georgia interpreting *Code Ann.* § 70-207 are binding on this court as precedents and any remedy in this regard lies before that court or in the branch of our government that enacted the Code section.

3. The court's charge complained of in Grounds 4 and 5 of the motion for new trial, which instructed the jury that the comparative negligence rule was applicable "if you also find that the plaintiff was negligent but that plaintiff's negligence did not amount to failure on his part to exercise ordinary care and diligence," was error. *Underwood v. Atlanta &c. R. Co.,* 105 Ga. App. 340, 358 (124 SE2d 758), affirmed and reversed on other grounds, 218 Ga. 193 (126 SE2d 785).

4. Ground 6 complains that the trial court charged the jury the allegations of plaintiff's petition that the defendant's employee was exceeding the speed limit established by a specified city ordinance, and thereafter instructed the jury that the violation of a city ordinance is negligence per se. Neither the ordinance nor its alleged violation was proved. "While in charging the jury it is not reversible error to merely state correctly the contentions as made by the allegations of the petition, even though some of the contentions may not be supported by the evidence . . . , yet to instruct the jury on the law of a contention as to which there is no evidence, though the charge be correct in the abstract, is cause for a new trial, unless it is apparent that the jury could not have been misled." *Robertson v. Abernathy,* 192 Ga. 694, 698 (16 SE2d 584); *Limbert v. Bishop,* 96 Ga. App. 652, 653 (101 SE2d 148). It was error, therefore, for the trial court to charge the legal effect of the violation of an ordinance. See *Malone v. Murphy,* 99 Ga. App. 139, 145 (107 SE2d 855).

5. Ground 7 complains of the admission of testimony of the plaintiff's business associate concerning a working arrangement whereby the plaintiff was to receive 40% of the net profits of the business. This witness stated what the plaintiff earned for a

month just before the accident, and lesser amounts he was paid pursuant to the arrangement in several months following the accident as his commission on contracts entered into prior thereto. He testified to the effect that when the plaintiff became unable to work after the accident, he had to be replaced, and "I feel like if he hadn't had this accident he would have been making in the bracket of about $10,000 a year."

This evidence as a whole was insufficient to support damages for loss of profits by the plaintiff. There was no evidence of the net profits of the business in which the plaintiff would have participated had he continued under the arrangement for receiving 40% of the net profits. One item of damages for personal injury is "loss of definite earnings that would have been received in the future but for the injury." *Hunt v. Williams,* 104 Ga. App. 442, 450 (122 SE2d 149). Loss of profits, when clearly and fairly shown, is one form of loss of earnings which may be recovered. Jacksonville Blowpipe Co. v. Trammell Hardwood Flooring Co., 264 F2d 717 (5th Cir. 1959). But such damages must be proved definitely. Accord, *Consolidated Phosphate Co. v. Sturtevant Co.,* 20 Ga. App. 474, 477 (93 SE 155); *Carolina Portland Cement Co. v. Columbia Imp. Co.,* 3 Ga. App. 483, 490 (60 SE 279); *Central of Ga. R. Co. v. Cooper,* 14 Ga. App. 738, 740, supra; *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252, supra; *Powell v. Berry,* 145 Ga. 696, 703 (89 SE 753); *Smith v. Eubanks & Hill,* 72 Ga. 280, 288-290.

Nevertheless, the trial court did not err in overruling Ground 7, because some of the testimony embraced in defendant's objection was admissible. It is well settled that, when any part of evidence objected to as a whole is not subject to the objection made, it is proper to overrule the objection. *Jackson v. State,* 213 Ga. 275, 276 (98 SE2d 571); *Lassiter v. Poss,* 85 Ga. App. 785, 789 (70 SE2d 411); *Desverges v. Marchant,* 18 Ga. App. 248, 249 (89 SE 221).

6. It is error for the court to fail to instruct the jury on the measure of damages claimed, even in the absence of a request. *Brown v. Wells,* 161 Ga. 413 (131 SE 159); *City of Macon v. Douglas,* 45 Ga. App. 798 (165 SE 922); *Gainesville Transfer Co. v. Chandler,* 47 Ga. App. 409 (170 SE 558); *Mayor &c. of*

*Americus v. Brightwell,* 90 Ga. App. 341, 344 (82 SE2d 732); *Mills v. Quick,* 99 Ga. App. 461, 465 (109 SE2d 65); *Homasote Co. v. Stanley,* 104 Ga. App. 636, 640 (122 SE2d 523).

The plaintiff having claimed recovery for damages to his automobile, the trial court erred in overruling Ground 8 of the motion for new trial complaining that the court failed to charge on the measure of damages to an automobile.

7. The plaintiff's only evidence of property damage was an itemized bill for repairs to his truck. Ground 9 of the motion for new trial, contending that the court erred in submitting to the jury the question of damage to the plaintiff's automobile because "plaintiff failed to show value immediately before and immediately after the accident," is without merit. The defendant did not object to the admission of plaintiff's evidence on repairs. The court did not specially submit the question of property damage to the jury. His only charge on special damages was, in effect, that they must be caused by the defendant's negligence and the amount of such damages must be proven by the evidence. Plaintiff's expense in making repairs was recoverable if it was not more than the value of the truck before the accident. When the plaintiff seeks recovery for damages to an automobile, he may claim the reasonable value of repairs made necessary by the accident, together with hire on the vehicle while rendered incapable of use, and the value of any permanent impairment, provided the aggregate amount of these items does not exceed the value of the automobile before the injury with interest thereon. *O'Donnelly v. Stapler,* 34 Ga. App. 637, 638 (131 SE 91); *Lamon v. Perry,* 33 Ga. App. 248, 249 (125 SE 907); *Padgett v. Williams,* 82 Ga. App. 509, 512 (61 SE2d 676). We understand the cases just cited to mean that property damages may be proved in accordance with the above stated rule as an alternative to proof establishing the difference in the value of the property before the injury and afterwards, which is also a measure of property damages. *Louisville &c. R. Co. v. Faust,* 30 Ga. App. 310, 311 (117 SE 761).

*Judgment overruling special demurrer reversed; judgment denying a new trial reversed. Felton, C. J., and Bell, J., concur.*